UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-60907-CIV-MORENO

FEDERAL TRADE COMMISSION, *et al.*,

       Plaintiffs,

v.

JEREMY LEE MARCUS, *et al.*,

       Defendants.

_____/

## DEFENDANT JEREMY LEE MARCUS' ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF

Defendant **Jeremy Lee Marcus ("Marcus")**, by and through undersigned counsel, hereby answers and responds to Plaintiffs Federal Trade Commission and State of Florida's Complaint for Permanent Injunction and Other Equitable Relief and asserts defenses as follows:

1.     Marcus admits that the FTC brought this action under the statutes referenced in paragraph 1 of the Complaint, but denies that the FTC is entitled to relief under those statutes and further denies that he has engaged in acts or practices in violation of the FTC Act or any other rule or statute.

2.     Marcus admits that the State of Florida brought this action under the statutes referenced in paragraph 2 of the Complaint, but denies that the State of Florida is entitled to relief under those statutes and further denies that he has engaged in acts or practices in violation of the FDUTPA or any other rule or statute.  Additionally, Marcus denies the State of Florida's allegation in paragraph 2 of the Complaint that an enforcement action serves the public interest as required by the FDUTPA Section 501.702(2), Florida Statutes.

## SUMMARY OF THE CASE

3.       Marcus denies the allegations in paragraph 3 of the Complaint.

4.       Marcus denies the allegations in paragraph 4 of the Complaint.

5.       Marcus denies the allegations in paragraph 5 of the Complaint.

6.       Marcus denies the allegations in paragraph 6 of the Complaint.

7.       Marcus denies the allegations in paragraph 7 of the Complaint.

8.       Paragraph 8 of the Complaint asserts a legal conclusion with respect to the common enterprise allegations as to which no response is required.  To the extent a response is required, Marcus denies those allegations.  Marcus further denies any remaining allegations in paragraph 8 of the Complaint.

## JURISDICTION AND VENUE

9.       Paragraph 9 of the Complaint asserts a legal conclusion as to which no response is required.  To the extent a response is required, Marcus denies the basis for subject matter jurisdiction set forth in paragraph 9 of the Complaint.

10.       Paragraph 10 of the Complaint asserts a legal conclusion as to which no response is required.  To the extent a response is required, Marcus denies the basis for supplemental jurisdiction set forth in paragraph 10 of the Complaint.

11.       Paragraph 11 of the Complaint asserts a legal conclusion as to which no response is required.  To the extent a response is required, Marcus denies the basis venue set forth in paragraph 11 of the Complaint.

## PLAINTIFFS

12.       Marcus lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint.

13.     Paragraph 13 of the Complaint asserts a legal conclusion as to which no response is required.  To the extent a response is required, Marcus denies the allegations in paragraph 13 of the Complaint and further denies that he has violated any statute set forth in paragraph 13 of the Complaint.

14.     Paragraph 14 of the Complaint asserts legal conclusions as to which no response is required.  To the extent a response is required, Marcus denies the allegations in paragraph 14 of the Complaint and further denies that he has violated any statute set forth in paragraph 14 of the Complaint.

## **DEFENDANTS**

15.     Marcus admits the allegations in the first sentence of paragraph 15 of the Complaint and further admits that he resides in this district.  The remaining allegations in paragraph 15 of the Complaint assert legal as to which no response is required.  To the extent a response is required, Marcus denies the remaining allegations in paragraph 15 of the Complaint.

16.     Marcus admits that Craig David Smith resides in this district.  The remaining allegations in paragraph 16 of the Complaint assert legal conclusions as to which no response is required.  To the extent a response is required, Marcus denies the remaining allegations in paragraph 16 of the Complaint.

17.     Marcus admits that Yisbet Segrea resides in this district.  The remaining allegations in paragraph 17 of the Complaint assert legal conclusions as to which no response is required.  To the extent a response is required, Marcus denies the remaining allegations in paragraph 17 of the Complaint.

18.     Marcus admits the allegations in sentence one and sentence five of paragraph 18 of the Complaint only.  Marcus denies all remaining allegations in paragraph 18 of the Complaint.

19.     Marcus admits the allegations in sentence one and sentence four of paragraph 19 of the Complaint only.  Marcus denies all remaining allegations in paragraph 19 of the Complaint.

20.     Marcus admits the allegations in sentence one and sentence four of paragraph 20 of the Complaint only.  Marcus denies all remaining allegations in paragraph 20 of the Complaint.

21.     Marcus admits the allegations in sentence one and sentence three of paragraph 21 of the Complaint only.  Marcus denies all remaining allegations in paragraph 21 of the Complaint.

22.     Marcus admits the allegations in sentence one and sentence four of paragraph 22 of the Complaint only.  Marcus denies all remaining allegations in paragraph 22 of the Complaint.

23.     Marcus admits the allegations in sentence one and sentence three of paragraph 23 of the Complaint only.  Marcus denies all remaining allegations in paragraph 23 of the Complaint.

24.     Marcus admits the allegations in sentence one and sentence three of paragraph 24 of the Complaint only.  Marcus denies all remaining allegations in paragraph 24 of the Complaint.

25.     Marcus admits the allegations in sentence one and sentence three of paragraph 25 of the Complaint only.  Marcus denies all remaining allegations in paragraph 25 of the Complaint.

26.     Marcus admits the allegations in sentence one and sentence three of paragraph 26 of the Complaint only.  Marcus denies all remaining allegations in paragraph 26 of the Complaint.

27.     Marcus admits that Paralegal Support Group, LLC, formerly known as Paralegal Staff Support LLC, is a Florida limited liability company with its principal place of business at 1410 SW 3rd Street, Pompano Beach, Florida 33069, which has transacted business in this district and throughout the United States and has, at some point, employed the Individual Defendants and some key personnel.  Marcus denies all remaining allegations in paragraph 27 of the Complaint.

28.     Marcus admits that Associated Administrative Services, LLC, also doing business as Jobfax, is a Florida limited liability company with its principal place of business at 1410 SW

3rd Street, Pompano Beach, Florida 33069, which has transacted business in this district and throughout the United States and has, at some point, employed the Individual Defendants and some key personnel.  Marcus denies all remaining allegations in paragraph 28 of the Complaint.

29.    Marcus admits the allegations in sentence one of paragraph 29 of the Complaint only.  The remaining allegations in paragraph 29 of the Complaint assert legal conclusions as to which no response is required.  To the extent a response is required, Marcus denies the remaining allegations in paragraph 29 of the Complaint.

30.    Marcus admits the allegations in sentence one of paragraph 30 of the Complaint only.  The remaining allegations in paragraph 30 of the Complaint assert legal conclusions as to which no response is required.  To the extent a response is required, Marcus denies the remaining allegations in paragraph 30 of the Complaint.

31.    Marcus admits the allegations in sentence one of paragraph 31 of the Complaint only.  The remaining allegations in paragraph 31 of the Complaint assert legal conclusions as to which no response is required.  To the extent a response is required, Marcus denies the remaining allegations in paragraph 31 of the Complaint.

32.    Marcus admits the allegations in sentence one of paragraph 32 of the Complaint only.  The remaining allegations in paragraph 32 of the Complaint assert legal conclusions as to which no response is required.  To the extent a response is required, Marcus denies the remaining allegations in paragraph 32 of the Complaint.

## **COMMON ENTERPRISE**

33.    The allegations in paragraph 33 of the Complaint assert a legal conclusion as to which no response is required.  To the extent a response is required, Marcus denies the allegations in paragraph 33 of the Complaint.

## COMMERCE

34.     Paragraph 34 of the Complaint asserts a legal conclusion as to which no response is required.  To the extent a response is required, Marcus denies the allegations in paragraph 34 of the Complaint.

## DEFENDANTS' BUSINESS ACTIVITIES

35.     Marcus denies the allegations in paragraph 35 of the Complaint.

### Defendants' Bogus Loan Campaign

36.     Marcus denies the allegations in paragraph 36 of the Complaint.

37.     Marcus admits that, to the extent they exist, the documents referenced in paragraph 37 of the Complaint speak for themselves, but he denies any characterizations that Plaintiffs purport to attribute to the documents referenced in paragraph 37 of the Complaint. Marcus denies the remaining allegations in paragraph 37 of the Complaint.

38.     Marcus admits that, to the extent they exist, the documents referenced in paragraph 38 of the Complaint speak for themselves, but he denies any characterizations that Plaintiffs purport to attribute to the documents referenced in paragraph 38 of the Complaint. As to the remaining allegations in paragraph 38 of the Complaint, Marcus lacks knowledge or information sufficient to form a belief as to the truth of the purported quotations or citations from the document referred to in paragraph 38 of the Complaint, to the extent such document exists.

39.     Marcus admits that, to the extent they exist, the websites referenced in paragraph 39 of the Complaint speak for themselves, but he denies any characterizations that Plaintiffs purport to attribute to the quotations or citations to the websites referenced in paragraph 39 of the Complaint.  As to the remaining allegations in paragraph 39 of the Complaint, Marcus lacks

knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the Complaint.

40.     Marcus admits that, to the extent it exists, the website referenced in paragraph 40 of the Complaint speaks for itself, but he denies any characterizations that Plaintiffs purport to attribute to the quotations or citations to the website referenced in paragraph 40 of the Complaint. As to the remaining allegations in paragraph 40 of the Complaint, Marcus lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Complaint.

41.     Marcus admits that, to the extent it exists, the website referenced in paragraph 41 of the Complaint speak for itself, but he denies any characterizations that Plaintiffs purport to attribute to the quotations or citations to the website referenced in paragraph 41 of the Complaint. As to the remaining allegations in paragraph 41 of the Complaint, Marcus lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the Complaint.

42.     Marcus admits that, to the extent it exists, the website referenced in paragraph 42 of the Complaint speak for itself, but he denies any characterizations that Plaintiffs purport to attribute to the quotations or citations to the website referenced in paragraph 42 of the Complaint. As to the remaining allegations in paragraph 42 of the Complaint, Marcus lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the Complaint.

43.     Marcus denies the allegations in paragraph 43 of the Complaint.

44.     Marcus denies the allegations in paragraph 44 of the Complaint.

45.     Marcus lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 45 of the Complaint as to what consumers were "looking" to do with respect to debt consolidation and with respect to consumers' perception of Defendants.  Marcus denies all remaining allegations in paragraph 45 of the Complaint.

46.     Marcus lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 46 of the Complaint as to what consumers were or were not aware regarding the documents referenced in paragraph 46 of the Complaint, to the extent those documents exist.  Marcus denies all remaining allegations in paragraph 46 of the Complaint, and, specifically, Marcus denies any characterizations that Plaintiffs purport to attribute to the documents referenced in paragraph 46 of the Complaint.

47.     Marcus lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Complaint as to what consumers may have believed.  Marcus denies all remaining allegations in paragraph 47 of the Complaint, and, specifically, Marcus denies any characterization that Plaintiffs purport to attribute with the term "repaying" in sentence two of paragraph 47 of the Complaint.

<u>Defendants' Account Takeover Campaign</u>

48.     Marcus lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 48 of the Complaint with respect to the consumers' past experiences with debt relief providers.  Marcus denies all remaining allegations in paragraph 48 of the Complaint.

49.     Marcus denies the allegations in paragraph 49 of the Complaint.

<u>Regardless of the Campaign Consumers Get Nothing for Their Money</u>

50.     Marcus denies the allegations in paragraph 50 of the Complaint.

- 8 -

51.     Marcus denies the allegations in paragraph 51 of the Complaint.

52.     Marcus denies the allegations in paragraph 52 of the Complaint.

53.     Marcus denies the allegations in paragraph 53 of the Complaint.

54.     Marcus denies the allegations in paragraph 54 of the Complaint.

55.     Marcus denies the allegations in paragraph 55 of the Complaint.

56.     Marcus denies the allegations in paragraph 56 of the Complaint.

<u>All Corporate Defendants are For-Profit Entities</u>

57.     Marcus denies the allegations in paragraph 57 of the Complaint.

58.     Marcus denies the allegations in paragraph 58 of the Complaint.

59.     Marcus denies the allegations in paragraph 59 of the Complaint.

## <u>VIOLATIONS OF THE FTC ACT</u>

60.     Paragraph 60 of the Complaint asserts a legal conclusion as to which no response is required.  To the extent a response is required, Marcus denies the allegations in paragraph 60 of the Complaint.

61.     Paragraph 61 of the Complaint asserts a legal conclusion as to which no response is required.  To the extent a response is required, Marcus denies the allegations in paragraph 61 of the Complaint.

## <u>COUNT I</u>

**Misrepresentations in Violation of Section 5(a)**
**(By Plaintiff FTC)**

62.     Marcus denies the allegations in paragraph 62 of the Complaint, and, specifically, Marcus denies any characterizations Plaintiffs purport to attribute to representations, if any, made by Defendants.

63.     Marcus denies the allegations in paragraph 63 of the Complaint.

64.     Marcus denies the allegations in paragraph 64 of the Complaint.

**<u>VIOLATIONS OF THE TELEMARKETING SALES RULE</u>**

65.     Paragraph 65 of the Complaint asserts a legal conclusion as to which no response is required.  To the extent a response is required, Marcus denies the allegations in paragraph 65 of the Complaint.

66.     Paragraph 66 of the Complaint asserts a legal conclusion as to which no response is required.  To the extent a response is required, Marcus denies the allegations in paragraph 66 of the Complaint.

67.     Paragraph 67 of the Complaint asserts a legal conclusion as to which no response is required.  To the extent a response is required, Marcus denies the allegations in paragraph 67 of the Complaint.

68.     Paragraph 68 of the Complaint asserts a legal conclusion as to which no response is required.  To the extent a response is required, Marcus denies the allegations in paragraph 68 of the Complaint.

69.     Paragraph 69 of the Complaint asserts a legal conclusion as to which no response is required.  To the extent a response is required, Marcus denies the allegations in paragraph 69 of the Complaint.

70.     Paragraph 70 of the Complaint asserts a legal conclusion as to which no response is required.  To the extent a response is required, Marcus denies the allegations in paragraph 70 of the Complaint.

71.     Paragraph 71 of the Complaint asserts a legal conclusion as to which no response is required.  To the extent a response is required, Marcus denies the allegations in paragraph 71 of the Complaint.

## COUNT II

### Misrepresentations About Debt Relief Services
### (By Both Plaintiffs)

72.   Marcus denies the allegations in paragraph 72 of the Complaint and it subparts.

73.   Marcus denies the allegations in paragraph 73 of the Complaint and its subparts.

## COUNT III

### Advance Fee for Debt Relief Services
### (By Both Plaintiffs)

74.   Marcus denies the allegations in paragraph 74 of the Complaint and its subparts.

75.   Marcus denies the allegations in paragraph 75 of the Complaint.

## VIOLATIONS OF THE FLORIDA UNFAIR AND DECEPTIVE
## TRADE PRACTICES ACT
## COUNT IV
### (By Plaintiff State of Florida)

76.   Marcus denies the allegations in paragraph 76 of the Complaint.

77.   Paragraph 77 of the Complaint asserts a legal conclusion as to which no response
is required.  To the extent a response is required, Marcus denies the allegations in paragraph 77 of
the Complaint.

78.   Marcus denies the allegations in paragraph 78 of the Complaint and its subparts.

79.   Marcus denies the allegations in paragraph 79 of the Complaint and its subparts.

80.   Marcus denies the allegations in paragraph 80 of the Complaint and its subparts.

81.   Marcus denies the allegations in paragraph 81 of the Complaint and its subparts.

## RELIEF DEFENDANTS

## COUNT V
### (By Both Plaintiffs)

82.   Marcus denies the allegations in paragraph 82 of the Complaint.

83.     Paragraph 83 of the Complaint asserts a legal conclusion as to which no response is required.  To the extent a response is required, Marcus denies the allegations in paragraph 83 of the Complaint.

84.     Paragraph 84 of the Complaint asserts a legal conclusion as to which no response is required.  To the extent a response is required, Marcus denies the allegations in paragraph 84 of the Complaint.

<u>**CONSUMER INJURY**</u>

85.     Marcus denies the allegations in paragraph 85 of the Complaint and further denies that Plaintiffs are entitled to the relief set forth in paragraph 85 of the Complaint.

<u>**THE COURT'S POWER TO GRANT RELIEF**</u>

86.     Paragraph 86 of the Complaint asserts a legal conclusion as to which no response is required.  To the extent a response is required, Marcus denies the allegations in paragraph 86 of the Complaint and further denies that the FTC is entitled to the relief set forth in paragraph 86 of the Complaint.

87.     Paragraph 87 of the Complaint asserts a legal conclusion as to which no response is required.  To the extent a response is required, Marcus denies the allegations in paragraph 87 of the Complaint and further denies that Plaintiffs are entitled to the relief set forth in paragraph 87 of the Complaint.

88.     Paragraph 88 of the Complaint asserts a legal conclusion as to which no response is required.  To the extent a response is required, Marcus denies the allegations in paragraph 88 of the Complaint and further denies that the State of Florida is entitled to the relief set forth in paragraph 88 of the Complaint.

89.      Paragraph 89 of the Complaint asserts a legal conclusion as to which no response is required.  To the extent a response is required, Marcus denies the allegations in paragraph 89 of the Complaint and further denies the basis for this Court's supplemental jurisdiction and the State of Florida's claimed entitlement to relief set forth in paragraph 89 of the Complaint.

## PRAYER FOR RELIEF

90.      Marcus denies that Plaintiffs are entitled to the relief set forth in the Prayer for Relief and its subparts.

## AFFIRMATIVE AND OTHER DEFENSES

## FIRST DEFENSE

At all times relevant hereto, Defendants and Marcus have acted in good faith in their business practices and in a lawful manner toward consumers and in conformity with all applicable laws and regulations.  Evidence of good faith prohibits instituting a permanent injunction.

## SECOND DEFENSE

Without admitting that any violation of law occurred, some or all of the allegedly violative statements set forth in the Complaint, to the extent such statements were even made, were not false or misleading statements of material fact.

## THIRD DEFENSE

Marcus did not breach any lawful duty owed to consumers for the transactions and events which are the subject matter of the Complaint.

## FOURTH DEFENSE

All or some of the FTC's claims are barred because the alleged violations and damages sustained by consumers, if any, were caused by the acts or omissions of third parties over whom Defendants had no control.

## FIFTH DEFENSE

The consumers alleged in the Complaint did not reasonably rely on representations or affirmations, if any, made by Defendants.

## SIXTH DEFENSE

Each and every one of the consumers' alleged rights, claims, and obligations which the FTC seeks to enforce against Defendants are barred by the consumers' conduct, agreement, or otherwise barred by the doctrine of estoppel.

## SEVENTH DEFENSE

Any monetary relief should be offset by the benefit received by consumers, refunds paid to consumers, and costs associated with the sale of services.

## EIGHTH DEFENSE

The consumers alleged in the Complaint, whose right the FTC seeks to enforce, assumed the risk for all damages alleged.

## NINTH DEFENSE

The claims asserted in the Complaint are barred, in whole or in part, because, at all times relevant hereto, consumers failed to take reasonable efforts to mitigate their damages, if any.

## TENTH DEFENSE

Plaintiffs' claims, in whole or in part, are barred by the doctrine of accord and satisfaction.

## ELEVENTH DEFENSE

Marcus is not individually liable for the acts and/or omissions set forth in the Complaint, as he lacked the requisite control, authority, or knowledge necessary to establish personal liability.

## TWELFTH DEFENSE

Defendants are entitled to set-off, contribution, and/or indemnity should any damages be awarded against them, in the amount of settlement amounts or damages received by customers with respect to the same alleged injuries giving rise to private causes of action, if any.

## THIRTEENTH DEFENSE

Marcus hereby gives notice that he intends to rely upon any other defense that may become available or appear during the course of continuing and ongoing investigation and discovery in this case. Marcus also hereby reserves the right to assert other and related defenses, as may become available in the event of a determination that this action, or some part thereof, is governed by the substantive law of a state or jurisdiction other than the State of Florida.

WHEREFORE, Marcus requests:

a) that the Complaint be dismissed with prejudice;

b) that Plaintiffs take nothing by the Complaint;

c) that Marcus be awarded his costs, disbursements, attorneys' fees, and expenses incurred herein; and

d) that Marcus be awarded such other and further relief as the Court may deem proper.

Dated: July 7, 2017                          Respectfully submitted,

                              By:    /s/ Maurice B. VerStandig
                                     Maurice B. VerStandig
                                     Florida Bar No. 76723
                                     The VerStandig Law Firm, LLC
                                     12505 Park Potomac Avenue
                                     Sixth Floor
                                     Potomac, Maryland 20854
                                     Phone: (301) 444-4600
                                     mac@mbvesq.com


                                     A. Jeff Ifrah *(admitted pro hac vice)*
                                     Rachel Hirsch *(admitted pro hac vice)*
                                     Ifrah PLLC
                                     1717 Pennsylvania Avenue, Suite 650
                                     Washington, D.C. 20006
                                     Telephone: (202) 524-4140
                                     Facsimile: (202) 524-4141
                                     jeff@ifrahlaw.com
                                     rhirsch@ifrahlaw.com

                                     Counsel for Defendant,
                                     *Jeremy Lee Marcus*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 7th day of July, 2017, I caused a true and correct copy of the foregoing to be electronically filed with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record either via transmission of Notices of Electronic Filing generated by CM/ECF or in another authorized manner for those counsel or parties authorized to receive electronically Notices of Electronic Filing.

By:    <u>/s/ Maurice B. VerStandig</u>
Maurice B. VerStandig