UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

## Case Number: 17-60907-CIV-MORENO

FEDERAL TRADE COMMISSION, et al.,

      Plaintiffs,

vs.

JEREMY LEE MARCUS, et al.,

      Defendants.

_____/

## ORDER DENYING RELIEF DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND TO QUASH SERVICE

THIS CAUSE came before the Court upon Relief Defendant James Marcus's Motion to Dismiss for Lack of Personal Jurisdiction and to Quash Process **(D.E. 152)**, filed on **October 30, 2017**.

THE COURT has considered the motion, the response, the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion to dismiss or to quash service is DENIED. The Federal Trade Commission and the Office of the Attorney General for the State of Florida filed this action under the Federal Trade Commission Act, 15 U.S.C. § 53(b). Plaintiffs allege that Defendants Jeremy Lee Marcus, Craig Davis Smith, and Yisbet Segrea, through a maze of interrelated companies, engaged in a scheme to offer consumers phony debt relief services. Plaintiffs further allege that fifteen Relief Defendants have received assets that are traceable to the Defendants' deceptive acts. Relief Defendant James Marcus, the brother of Defendant Jeremy Lee Marcus, filed a motion to dismiss for lack of personal jurisdiction and to quash service, arguing that he has limited ties to Florida and that service was insufficient.

The Federal Trade Commission Act contains a nationwide service provision, 15 U.S.C. § 53(c), effectively creating personal jurisdiction over anyone in the United States. *FTC v. Cleverlink Trading Ltd.*, No. 05-cv-2889, 2006 WL 1735276, *4 (N.D. Ill. June 19, 2006). "When a federal statute provides for nationwide service of process, it becomes the statutory basis for personal jurisdiction." *CFTC v. Oakmont Fin., Inc.*, 191 F. Supp. 3d 1347, 1350 (S.D. Fla. 2016) (quoting *Republic of Panama v. BCCI Holdings*, 119 F.3d 935, 942 (11th Cir. 1997)). Where federal law authorizes nationwide service of process, as is the case with the FTC Act, the relevant question becomes whether the person or corporation has minimum contacts with the United States. *Id.* In his motion, James Marcus argues he is a resident of California and lacks minimum contacts with the forum state of Florida. His argument clearly misses the mark, as his contacts with Florida are irrelevant in a case brought under the FTC Act. He admits to being a resident of California, and thus cannot, and does not argue he lacks contacts with the nation as a whole.

Moreover, Marcus's argument that service of process was insufficient is equally unavailing. The process server noted in the affidavit of service that "James Marcus answered and slightly opened the door to look at the papers, he then asked to leave them at the door as his dog was barking very loudly. Left paper at door per Mr. Marcus request." Under Federal Rule of Civil Procedure 4(e)(1), service of process may be effected by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." The Court finds this service of process sufficient and denies the motion to quash service. *See SEC v. Reinhard*, 352 F. App'x 309, 314 (11th Cir. 2009) (holding the Florida service of process statute is satisfied if the process server leaves the papers at a place where the recipient can easily retrieve them and takes reasonable steps to call

such delivery to the attention of the person being served).

DONE AND ORDERED in Chambers at Miami, Florida, this _____ of January 2018.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record