UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-60907-CIV-MORENO/SELTZER

FEDERAL TRADE COMMISSION, <u>et al.</u>,

      Plaintiffs,

v.

JEREMY LEE MARCUS, <u>et al.</u>,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE has come before the Court upon the Receiver's Motion to compel PNC Bank, N.A. ("PNC") to comply with subpoenas, for sanctions, and for related relief ("the Motion") (D.E. 357).  The Motion was referred to the undersigned for a Report and Recommendation (D.E. 367).

On June 5, 2019, the undersigned conducted a hearing on the Motion.  After consideration of all the arguments and having reviewed the briefs and related documents filed by both parties, the undersigned issues the following report and recommendation:

The undersigned recommends that the Receiver's Motion to Compel be DENIED, having been filed beyond the thirty (30) day period prescribed by Local Rules. <u>See</u> S.D. Fla. L.R. 26.1(g)(1). Further, the Receiver has failed to establish that the discovery sought is relevant and proportional to the needs of this case. Federal Rule of Civil Procedure 26 limits the scope of discovery as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the

case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

In response to PNC's objection to the breadth and relevance of the subpoenaed materials, the Receiver wrote, "So what?" (DE 365: 3).  The undersigned takes this written argument, together with his statement at the discovery hearing that Federal Rule 26 is subservient to his broad mandate to recover the assets of the "Receivership Defendants,"[1] as an acknowledgement that his discovery requests were not relevant to the present dispute between the parties in this case. Moreover, on the eve of the discovery hearing, the Receiver indicated that he filed a new lawsuit against PNC to recover the assets of the Receivership Defendants. The undersigned finds that the purposes of Rule 26 would not be served by duplicative discovery in this case, even if otherwise appropriate, given the Receiver's access to that same information in the new lawsuit through ordinary discovery procedures.

For the foregoing reasons, the undersigned respectfully RECOMMENDS that the Motion to Compel (DE 357) be DENIED. The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Federico A. Moreno, United States District Judge.  Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from

---

[1]     The Receiver later withdrew this particular comment but still failed to substantially articulate the proportionality and relevance of the discovery sought.

attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

**DONE AND SUBMITTED** in Chambers, Fort Lauderdale, Florida, this 11th day of June 2019.

BARRY S. SELTZER
United States Magistrate Judge

Copies furnished via CM/ECF to:

Hon. Federico A. Moreno
Counsel of record