UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 17-60907-CIV-MORENO

FEDERAL TRADE COMMISSION, *et al.*,

    Plaintiffs,

v.

JEREMY LEE MARCUS, *et al.*,

    Defendants.

_____/

## **RECEIVER'S MOTION TO APPROVE CONTINGENCY FEE AGREEMENT**

Jonathan E. Perlman, Esq., as Receiver ("Receiver") for the Receivership Entities,[1] moves the Court to approve the Receiver's retention of Genovese Joblove & Battista, P.A. ("GJB") on a contingency basis to pursue certain litigation claims[2] on behalf of the receivership estate against various third parties (the "Motion").

### I.    **INTRODUCTION**

During his investigation, the Receiver has identified claims against various third parties for fraudulent transfers under Chapter 726 of the Florida Statutes, common tort law claims, collection matters and foreclosure.

---

[1] Receivership Entities are Financial Freedom National, Inc. f/k/a Institute for Financial Freedom, Inc. and Marine Career Institute Sea Frontiers, Inc. d/b/a 321 Loans, Instahelp America, Inc., Helping America Group, United Financial Support, Breeze Financial Solutions, 321Financial Education, Credit Health Plan, Credit Specialists of America, American Advocacy Alliance, and Associated Administrative Services, 321Loans, Inc., f/k/a 321 Loans, Inc. d/b/a 321Financial, Inc., Instahelp America, Inc. f/k/a Helping America Team, Inc. d/b/a Helping America Group, Breeze Financial Solutions, Inc. d/b/a Credit Health Plan and Credit Maximizing Program, US Legal Club, LLC, Active Debt Solutions, LLC f/k/a Active Debt Solutions, Inc. d/b/a Guardian Legal Center, Guardian LG, LLC d/b/a Guardian Legal Group, American Credit Security, LLC f/k/a America Credit Shield, LLC, Paralegal Support Group LLC f/k/a Paralegal Support LLC, Associated Administrative Services, LLC d/b/a Jobfax, Cockburn & Associate LLC, JLMJP Pompano, LLC, Halfpay International, LLC, Halfpay NV, LLC, HP Properties Group, Inc., HP Media, Inc., Omni Management Partners, LLC, Nantucket Cove of Illinois, LLC, Discount Marketing USA, S.A., Viking Management Services, LLC, White Light Media LLC, Blue42, LLC, National Arms, LLC, and 110 Glouchester St., LLC, and their divisions, subsidiaries, affiliates, predecessors, successors, and assigns. [ECF Nos. 21, 102, 222, 286].

[2] The Receiver, after consulting with the Plaintiffs, will continue to pursue certain other litigation matters under his existing engagement letter with GJB on an hourly basis. The Receiver will provide the Court, upon request, with a list of cases being handled on an hourly basis.

It is not in the estate's best interest to pay for certain litigation on an hourly basis. The Receiver, therefore, has conferred with his counsel, GJB, which has agreed to handle certain claims on behalf of the receivership estate on a contingency-fee basis. GJB has experience in handling these types of claims with favorable results.

The Receiver seeks the Court's approval of this application to retain GJB on a contingency basis in order to minimize the out-of-pocket administration expense to the receivership estate. The Receiver, therefore, believes it is in the best interest of the receivership estate and its victims to compensate GJB on a contingency-fee basis because proceeding on an hourly basis would deplete the receivership estate's cash on hand. Moreover, the Receiver believes that the contingency arrangement will facilitate the initial round of consumer redress. The Receiver has consulted with the Federal Trade Commission who does not object to the proposed fee arrangement.

## II. PROPOSED CONTINGENCY FEE AGREEMENT AND MEMORANDUM OF LAW IN SUPPORT.

This Court has broad powers to appoint a receiver and to award the receiver fees for his services and for expenses incurred by the receiver in the performance of his duties. *See Securities & Exchange Commission v. Elliott,* 953 F. Supp. 1560 (11th Cir. 1992); *Stuart v. Boulware et al,* 133 U.S. 78, 10 S. Ct. 242 (1890) (compensation allowed a receiver for his own services and those of his counsel is largely discretionary with the court from which he derives his appointment).

Accordingly, by this application, the Receiver seeks to retain GJB on a contingency basis for the purpose of pursuing the claims against certain third parties.[3] The Receiver believes that

---

[3] The Receiver will provide a list of the third parties to the Court upon request.

compensation on a contingency-fee basis, including his fees as Receiver for work related to these claims will be in the best interest of the receivership estate.

After consultation with the Receiver, GJB has agreed to be compensated on a contingency basis rather than an hourly basis in connection with the pursuit of these claims, subject to this Court's approval. The Receiver proposes for GJB to be awarded a total of 28% of any recovery obtained in the litigation as a reasonable attorneys' fee. The costs of litigation will be reimbursed from future recoveries by the Receivership Estate from the third-party litigation and will be subject to this Court's approval.

### III.     CONCLUSION

For all of the foregoing reasons, the Receiver seeks approval of the employment of GJB on such contingency basis for the purpose of pursuing claims against third parties. Further, the Receiver seeks this Court's approval to include his services for work and oversight of the litigation within GJB's contingency fee. The Receiver believes that this is in the best interest of the receivership estate.

### IV.     CERTIFICATION

Pursuant to Local Rule 7.1.A.3, undersigned counsel hereby certifies that they have conferred with counsel for the Plaintiffs. The Federal Trade Commission does not object to the relief sought. The Office of the Attorney General, State of Florida, Department of Legal Affairs does not agree to the proposed contingency-fee structure, but will not oppose the Motion.

WHEREFORE, the Receiver respectfully requests this Court to approve the retention of GJB on the above-described contingency basis, including compensating the Receiver from GJB's contingency fee.

Respectfully submitted this 17th day of June 2019.

          GENOVESE JOBLOVE & BATTISTA, P.A.
          Attorneys for Jonathan E. Perlman, Receiver
          100 Southeast 2nd Street, Suite 4400
          Miami, Florida 33131
          Tel: (305) 349-2300;
          Fax: (305) 349-2310

          By: /s/ Gregory M. Garno
              Gregory M. Garno, Esq., FBN 87505
              ggarno@gjb-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all parties registered to receive electronic notice and or some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

          By: /s/ Gregory M. Garno
              Gregory M. Garno, Esq.

**SERVICE LIST**
**Federal Trade Commission v. Jeremy Lee Marcus, et al.**
**USDC, SD Fla., Case No. 17-60907-CIV-MORENO/SELTZER**

Keith Feldman
kfeld@bellsouth.net
80 Nottingham Place
Boynton Beach, FL 33426
Pro Se via U.S. Mail and Electronic Mail

Ryann Flack, Esq.
Ryann.Flack@myfloridalegal.com
Ronnie Adili, Esq.
Ronnie.Adili@myfloridalegal.com
Office of the Attorney General

4

Consumer Protection Division
SunTrust International Center
1 S.E. 3rd Ave, Suite 900
Miami, FL 33131
Telephone:  (786) 792-6249
*Attorneys for State of Florida, Office of Attorney General*

Valerie M. Verduce, Esq.
vverduce@ftc.gov
Angeleque P. Linville, Esq.
alinville@ftc.gov
Federal Trade Commission
225 Peachtree Street, Suite 1500
Atlanta, GA 30303
Telephone:  (404) 656-1355
Facsimile:  (404) 656-1379
*Attorneys for Federal Trade Commission*

Jonathan E. Perlman, Esq.
jperlman@gjb-law.com
Gregory M. Garno, Esq.
ggarno@gjb-law.com
Allison Day, Esq.
aday@gjb-law.com
Theresa M.B. Van Vliet, Esq.
tvanvliet@gjb-law.com
Genovese Joblove & Battista, P.A.
100 Southeast 2nd Street
Suite 4400
Miami, FL 33131
Telephone: (305) 349-2300
Facsimile: (305) 349-2310
*Receiver and his Counsel*

Rachel Hirsch, Esq.
rhirsch@ifrahlaw.com
A. Jeff Ifrah, Esq.
jeff@ifrahlaw.com
1717 Pennsylvania Avenue, NW
Suite 650
Washington, DC 20006

Maurice B. VerStandig, Esq.
mac@mbvesq.com
The VerStandig Law Firm, LLC
12505 Park Potomac Avenue

Sixth Floor
Potomac, Maryland 20854
*Counsel for Defendant Jeremy Lee Marcus and*
*Relief Defendants Halfpay International, LLC; Halfpay NV LLC;*
*JLMJP Pompano, LLC; and Nantucket Cove of Illinois, LLC*

Craig David Smith
13586 Harwell Path
Apple Valley, MN 55124

Yisbet Segrea
5020 Canal Drive
Lake Worth, FL 33463

**Relief Defendants**

Jack Marcus
jackmarcus@bellsouth.net
6436 Grand Cypress Cir.
Lake Worth, FL  33463
Relief Defendant via Electronic Mail

Teresa Duda
110 Glouchester Street
Boca Raton, FL  33487
Pro Se via U.S. Mail