UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-60907-CIV/MORENO

**FEDERAL TRADE COMMISSION,** *et al.***,**

    **Plaintiffs,**

v.

**JEREMY LEE MARCUS,** *et al.***,**

    **Defendants.**
_____/

## RECEIVER'S EXPEDITED MOTION TO COMPEL TITAN FUNDING, LLC, TO COMPLY WITH THE PRELIMINARY INJUNCTION AND EXECUTE AN ASSIGNMENT OF RECEIVERSHIP ASSETS

### Basis for Expedited Relief

**The Receiver requires a ruling on or before March 16, 2020. On that date, the Receiver is expected to close on the assignment of certain Receivership assets to a third party that are at issue in this Motion.**

Jonathan E. Perlman, as Permanent Receiver for the Receivership Defendants[1] (the "Receiver"), by and through undersigned counsel, files this Expedited Motion to Compel Titan Funding, LLC ("Titan Funding") to Comply with the Permanent Injunction Order and execute an

---

[1] The "Receivership Defendants" means Financial Freedom National, Inc. f/k/a Institute for Financial Freedom, Inc. and Marine Career Institute Sea Frontiers, Inc. also d/b/a 321 Loans, Instahelp America, Inc., Helping America Group, United Financial Support, Breeze Financial Solutions, 321Financial Education, Credit Health Plan, Credit Specialists of America, American Advocacy Alliance, and Associated Administrative Services; 321Loans, Inc., f/k/a 321 Loans, Inc. also d/b/a 321Financial, Inc.; Instahelp America, Inc. f/k/a Helping America Team, Inc. also d/b/a Helping America Group; Breeze Financial Solutions, Inc. also d/b/a Credit Health Plan and Credit Maximizing Program; US Legal Club, LLC; Active Debt Solutions, LLC f/k/a Active Debt Solutions, Inc. also d/b/a Guardian Legal Center; Guardian LG, LLC also d/b/a Guardian Legal Group; American Credit Security, LLC f/k/a America Credit Shield, LLC; Paralegal Support Group LLC f/k/a Paralegal Support LLC; and Associated Administrative Services, LLC also d/b/a Jobfax, Viking Management Services, LLC, Cockburn & Associate LLC, Omni Management Partners LLC, Discount Marketing USA, S.A., JLMJP Pompano, LLC, Nantucket Cove of Illinois, LLC, Halfpay International, LLC, Halfpay NV, LLC, HP Properties Group, Inc., HP Media, Inc., White Light Media LLC, Blue42, LLC, National Arms, LLC, and 110 Glouchester St., LLC and their divisions, subsidiaries, affiliates, predecessors, successors, assigns, and any fictitious business entities or business names created or used by these entities, or any of them.

assignment of receivership assets in the name of Titan Funding to the Receiver (the "Motion"), and in support thereof, states as follows:

1. On May 17, 2017, the Court entered a Preliminary Injunction (the "Injunction") [ECF No. 21],[2] appointing Jonathan Perlman of Genovese Joblove & Battista, P.A. Permanent Receiver "for the Receivership Defendants and any of their affiliates, subsidiaries, divisions, or sales or customer service operations, wherever located, with the full power of an equity receiver." *See,* Injunction ¶ X.A.

2. Additionally, pursuant to Paragraph X.D. of the Injunction, persons in possession, custody or control of property or records relating to the Receivership Defendants, upon receipt of a request from the Receiver, were/are to immediately transfer or deliver any such property or records to the Receiver.

3. Once a party has actual or constructive knowledge about the Injunction, the Injunction requires that third parties, upon request by the Receiver, provide the Receiver "with copies of all records or documents pertaining to accounts and assets held by Receivership Defendants." *See,* Injunction ¶ V.

4. The Injunction further requires third parties, upon request from the Receiver, to turn over all assets of the Receivership Defendants and provide all financial and accounting records for the Receivership Defendants. *See,* Injunction ¶ X.D.

5. The Receiver is in the process of finalizing the assignment of the receivership's interests in, among other things, loan documents, final judgments, security interests, and guaranties associated with a coal mining operation in Kentucky in exchange for millions of dollars of funds for the ultimate benefit of victims.

---

[2] Titan Funding was served with the Injunction in May 2017.

6.	Specifically, the Receiver has an agreement—set to close on March 16, 2020—to assign the receivership's interests in a coal mine located in Kentucky to a third party. The assignment of these assets will bring more than $2,700,000 in cash to the receivership estate for the ultimate benefit of victims. This agreement cannot close without an executed assignment from Titan Funding, which the Receiver has previously and repeatedly requested.

7.	Titan Funding is a privately held financial service firm through which Defendant Marcus and Receivership Defendants provided over $14,000,000 of consumer funds for hard money loans and other investments, including the Kentucky coal mine.  Marcus previously admitted that the funds provided to Titan Funding came from consumers and the Receiver has confirmed that was the case.  Despite funding the hard money loans and investments, it was the practice of Titan Funding and Marcus that the loan agreements and related documents would be titled in the name of Titan Funding and, in some circumstances, Titan Funding would service these loans for Marcus. As such, Titan Funding is currently in possession of assets including multiple loan agreements that are undisputedly receivership property.   Titan has previously acknowledged the Receiver's interest in these loan agreements.

8.	By way of this Motion, the Receiver seeks an order of the Court compelling Titan Funding to execute an assignment in favor of the Receiver of receivership assets titled in the name of Titan Funding relating to the Kentucky coal mine.[3]  Despite patience and multiple demands, the Titan Funding has not complied with the Receiver's demands and this Court's Injunction [ECF No. 231].

9.	This Court has inherent power to enforce compliance with its lawful orders. *Mesa v. Luis Garcia Land Service, Co.*, 218 F. Supp. 3d 1375, 1379-80 (S.D. Fla. 2016) (citing

---

[3] A copy of the Assignment to be executed by Titan Funding is attached hereto as Exhibit "A".

*Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th Cir. 1991)).

10. There is no dispute that the Injunction is valid and lawful. Titan Funding has never contested the Injunction nor claimed ignorance of its terms. In addition, the Injunction is clear and unambiguous. Finally, the Receiver is unaware of any reason why Titan Funding cannot comply with the Injunction. This conduct clearly violates the Injunction. *See,* Injunction ¶¶ X.D., X.A., V.

WHEREFORE, the Receiver respectfully requests this Court to enter an order consistent with the proposed order attached hereto as Exhibit "B," granting the Motion and compelling Titan Funding to immediately execute and deliver the assignment attached as Exhibit "A" and granting any other or further relief that this Court deems just and proper.

Respectfully submitted this 9th day of March 2020.

        **GENOVESE JOBLOVE & BATTISTA, P.A.**
        *Attorneys for Jonathan E. Perlman,*
        *Court-Appointed Receiver*
        100 Southeast 2nd Street, Suite 4400
        Miami, Florida 33131
        Telephone:   (305) 349-2300
        Facsimile:    (305) 349-2310

        By:   /s/ Gregory M. Garno
             Gregory M. Garno, Esq., FBN 87505
             ggarno@gjb-law.com

## CERTIFICATE OF COMPLIANCE LOCAL RULE 7.1(A)(3)

**I HEREBY CERTIFY** that, pursuant to Local Rule 7.1(a)(3), Gregory M. Garno counsel to the Receiver, conferred with the counsel for Titan Funding on this matter prior to filing the Motion in a good faith attempt to resolve the issue without Court intervention. Mr. Garno sent Titan Funding an email on Friday March 6, 2020 and attached the required assignment, and received no response from counsel for Titan Funding. A copy of Mr. Garno's email is attached hereto as Exhibit "C."

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing Motion was served via CM/ECF Notification and or U.S. Mail to all parties on the attached service list this 9th day of March 2020.

By: /s/ Gregory M. Garno
Gregory M. Garno, Esq.

*Served Via U.S. Mail/E-mail*

Adam J. Steinberg
Law Offices of Adam J. Steinberg
200 S. Andrews Avenue, Suite 903
Fort Lauderdale, Florida 33301
O: 954.548.3357
C: 305.610.0966
F: 888.222.4192
Adam@AdamSteinbergLaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-60907-CIV/MORENO

FEDERAL TRADE COMMISSION, *et al.*,

    Plaintiffs,

v.

JEREMY LEE MARCUS, *et al.*,

    Defendants.
_____/

**ORDER GRANTING RECEIVER'S EXPEDITED MOTION TO COMPEL TITAN FUNDING, LLC, TO COMPLY WITH THE PRELIMINARY INJUNCTION**

THIS CAUSE came before the Court upon the Receiver, Jonathan E. Perlman's Expedited Motion to Compel Titan Funding, LLC to comply with the Preliminary Injunction ("Motion") [ECF No._____]. The Court having read the parties' pleadings and being otherwise advised in the premises it is hereby, ORDERED AND ADJUDGED that:

1. Titan Funding shall immediately, and by no later than March 14, 2020, provide a fully-executed assignment marked as Exhibit "A" to the Motion.

2. The Court shall retain jurisdiction to enforce this Order.

DONE AND ORDERED in chambers at Miami-Dade County, Florida on this _____ day of March 2020.

                                                                                                                             _____

                                                                                                                          FEDERICO E. MORENO
                                                                                                                          UNITED STATES DISTRICT JUDGE