UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:17-60907-CIV-MORENO

FEDERAL TRADE COMMISSION, *et al.*,

    Plaintiffs,

v.

JEREMY LEE MARCUS, *et al.*,

    Defendants.
_____/

## RECEIVER'S THIRD MOTION TO EXTEND RECEIVERSHIP

    Jonathan E. Perlman, Esq., court-appointed Receiver (the "Receiver"), hereby files his Third Motion to Extend Receivership (the "Motion"), and states as follows in support thereof:

    1.    On May 8, 2017, the Federal Trade Commission and the Office of the Attorney General, State of Florida, Department of Legal Affairs (collectively, the "Plaintiffs"), commenced this action by filing a complaint for permanent injunction and other relief (the "Complaint"), and a motion for a temporary restraining order and other equitable relief against Jeremy Lee Marcus, Craig Davis Smith, Yisbet Segrea (collectively, the "Individual Defendants"); the named corporate defendants; and the named relief defendants (the Individual Defendants, named corporate defendants and relief defendants may be referred to herein collectively, as the "Defendants"). Plaintiffs alleged that the Individual and corporate defendants violated Sections 5(a) of the FTC Act, 15 U.S.C. § 45(a), the FTC's Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, and the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Chapter 501, Part II, Florida Statutes (2016), Fla. Stat. § 501.201 *et seq*. and the Telemarketing Act, 15 U.S.C. §§ 6101-6108. [ECF No. 1].

2. On May 9, 2017, this Court granted the Plaintiffs' application for a temporary restraining order with asset freeze against Defendants and entered an Order freezing assets belonging to any of the Individual Defendants and corporate defendants (the "TRO"). [ECF. No. 13]. In connection with the TRO, the Court appointed Jonathan E. Perlman as temporary receiver over the Receivership Defendants identified in the Complaint. [*Id.*].

3. On May 17, 2017, the Court entered the Preliminary Injunction (the "PI") [ECF No. 21] which appointed Jonathan E. Perlman as permanent receiver and directed him to assume full control of the Receivership Entities and their affiliates, subsidiaries, divisions, and sales operations. The PI further directed the Receiver to take exclusive custody, control, and possession of all assets and documents of, or in the possession, custody, or under the control of, the Receivership Defendants, wherever situated. Under the PI, the Receiver shall have "full power to divert mail and to sue for, collect, receive, take in possession, hold, and manage all assets and documents of the Receivership Defendants and other persons or entities whose interests are now held by or under the direction, possession, custody, or control of the Receivership Defendants." The PI further directed the Receiver to investigate potential actions to preserve or recover the assets of the Receivership Defendants, including against third parties, and institute such actions where the Receiver deems prudent.

4. On April 23, 2019, this Court entered a Stipulated Order for Permanent Injunction and Monetary Judgment against Jeremy Lee Marcus ("Stipulated Judgment"). [ECF No. 231]. The Stipulated Judgment continued the Receivership and permitted requesting extending it for good cause. [*Id.*].

5. Subsequently, this Court entered a final default judgment on September 7, 2018, expressly continuing the receivership and ordering that the "Receiver shall continue to possess all rights and obligations set forth in the Preliminary Injunction Order" appointing the Receiver as

Permanent Receiver, plus "the following powers exercised in the Receiver's discretion without further order of the Court:"

> 8. To investigate the manner in which the affairs of the Corporate Defendants were conducted and institute such actions and legal proceedings, for the benefit of the Corporate Defendants, creditors and consumers as the Receiver deems necessary against third parties, including but not limited to, claims seeking imposition of constructive trusts, disgorgement of profits, recovery and/or avoidance of fraudulent transfers (including under Florida Statute § 726.101, et seq.), claims in contract, law, tort and equity.

[ECF No. 293].

6. On October 8, 2019, the Receiver filed a Motion to Extend Receivership. [ECF No. 422]. This Court granted that motion and set March 31, 2020 as the deadline for the Receiver to complete administration of the Receivership. [ECF No. 428]

7. Thereafter, on March 30, 2020, the Receiver filed his Second Motion to Extend Receivership and for Order of Reappoinment. [ECF No. 485]. On April 9, 2020, this Court granted the Receiver's Second Motion to Extend Receivership and for Order of Reappoinment. [ECF No. 490].

8. Thus, the Recevership is set to terminate on September 30, 2020. [ECF No. 490].

9. Since the Court extended the Receiverhsip, the Receiver has worked diligently to liquidate receivership assets and administer the estate.  Over the last six months, the Receiver has recovered $ 3,648,695 through settling five litigation claims and $451,084.49 from the sale of three properties.

10. Additionally, the sale of the Receivership property located at 3716 Embassy Drive, West Palm Beach, FL is scheduled to close on September 25, 2020.  Originally, this property was sold by auction earlier in 2020.  Due to a title issue, the Receiver needed the cooperation of non-party, Denton Douglas, to execute certain documents to clear a title issue created by Mr. Douglas and his companies.  After Mr. Douglas failed to cooperate with the Receiver, in August 2020, the

Receiver filed a motion to compel.  In August 2020, this Court granted that motion.  Despite this Court's order, Mr. Douglas failed to comply with the Court's order.  In September 2020, the Court conducted an Order to Shown Cause hearing.  Mr. Douglas failed to appear in person and the Court ordered him to execute the required documents by the end of the following day.  Mr. Douglas then complied with the Court's order and the Receiver recently closed on the property.

11. The only remaining real property that has not been liquidated is a real estate development in Beecher, Illinois, purchased with consumer monies that includes roads, 13 outparcel common areas, 114 vacant lots, and four partially constructed houses.  This real estate development was acquired and developed with over $2 million of misappropriated consumer funds.

12. Since the Court last extended the Receivership, the Receiver continues to work closely witha national real estate consultantt and broker, to market the sale of the development.  After the Receiver's attempts to sell this asset through private sale failed, the Receiver marketed this development for auction in May 2020.  Based upon a lack of bids, that auction was cancelled and rescheduled for July 2020.  Again, there was very little interest in the auction and it was cancelled again.  Thereafter, after consulting with his broker and auctioneer, . the price of the real estate development was significantly reduced in hopes of attracting ready, willing, and able buyers.  In addition, the Receiver also again changed his marketing strategy in an attempt to sell individual lots and finished homes while also marketing the entire real estate development.  The Receiver's broker has recently been in discussions with certain third parties who may be interested in purchasing part or all of the development.

13. Additionally, the Receiver has three remaining loans that he has been marketing for sale and/or administering.

14.     On January 31, 2020, this Court denied non-party Amanda Finley's ("Finley") Motion for Equitable Lien. [ECF No 451]. Subsequently, in February 2020, this Court denied Finley's Motion for Reconsideration. [ECF No.458]. Ms. Finley has appealed this Court's order denying her Motion for Equitable Lien to the 11th Circuit Court of Appeals. That appeal is fully briefed and still pending before the 11th Circuit.

15.     The Receiver has pending five different third-party litigation claims.

16.     The Receiver's action against American Express was set for jury trial in September 2020, but was pushed back due to COVID-19. The jury trial in that action is now scheduled to take place in January 2020.

17.     The Receiver's action against PNC Bank, N.A. also remains ongoing, and the parties are currently partaking in initial discovery. Recently, the Court entered an order dismissing certain claims with prejudice. The Receiver filed a motion for reconsideration. Absent reconsideration, the Receiver is considering filing an appeal to the 11th Circuit

18.     The Receiver also has initiated litigation against Bitterroot Tool & Machine, Inc.("Bitterroot") and Vairog US, LLC("Vairog"). The litigation with Bitteroot is in the initial discovery phase and set for trial in the summer of 2021. In addition, the Receiver recently attended a mediation with Bitteroot and settlement discussions continue. In the Vairog case, Variog has filed a motion to dismiss which is not fully briefed. The Receiver has engaged counsel for Vairog to see if the parties can attend an early mediation in the case.

19.     Since the Court extending the Receivership, the Receiver successfully recovered significant monies on his foreclsoure claims initiated in North Carolina. In connection with that North Carolina action, the Defendants asserted a counterclaim. The Receiver filed a motion to dismiss in July 2020 which remains pending. The Receiver is in discussions with his North Carolina counsel to see if that counterclaim can be resolved.

20. The Receiver made demands upon six third parties, as recipients of fraudulent transfers, and is assessing how to proceed on those claims..

21. Accordingly, there exists good cause to extend the Receivership.

22. The Receiver anticipates completely liquidating the remaining real property in the Receivership Estate within the next six (6) months.

23. The Receiver respectfully requests that the deadline for the Receiver to conclude administration of the Receivership be extended by an additional period of 180 days, through and including March 29, 2021.

24. The Receiver makes this request without prejudice to completing his administration of the Receivership within a shorter period of time, or requesting additional time to complete the administration of the Receivership.

25. The Receiver has consulted with the Federal Trade Commission and the Office of the Attorney General, State of Florida, Department of Legal Affairs, and is authorized to represent that the Plaintiffs have no objection to the relief requested herein.

26. This is the Receiver's third request to extend the Receivership. It is made in good faith and for the benefit of the Receivership and its victims.

WHEREFORE, the Receiver, Jonathan E. Perlman, Esq., respectfully requests this Court grant Receiver's Third Motion to Extend Receivership, extending the deadling for the Receiver to complete administration of the Receivership through and including March 29, 2021, and for such other relief as the Court may deem just and proper.

Respectfully submitted this 29th day of September 2020.

/s/Jonathan E. Perlman. Esq.
Jonathan E. Perlman, Esq., Receiver, and
**GENOVESE JOBLOVE & BATTISTA, P.A.**
Attorneys for Jonathan E. Perlman, Esq.
jperlman@gjb-law.com
100 Southeast 2nd Street, 44th Floor
Miami, FL  33131
Tel:  (305) 349-2300
Fax:   (305) 349-2310

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of September 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document has been served this day on all counsel of record and entities, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/Jonathan E. Perlman
Jonathan E. Perlman