UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:17-60907-CIV-MORENO

FEDERAL TRADE COMMISSION, *et al.*,

    Plaintiffs,

v.

JEREMY LEE MARCUS, *et al.*,

    Defendants.

_____/

## **RECEIVER'S EIGHTH MOTION TO EXTEND RECEIVERSHIP**

    Jonathan E. Perlman, Esq., court-appointed Receiver (the "Receiver"), hereby files his Eighth Motion to Extend Receivership (the "Motion"), and in support thereof, states as follows:

    1.    On August 30, 2022, the Receiver filed his Seventh Motion to Extend Receivership [ECF No. 548], and the receivership is set to terminate on December 1, 2022. [ECF No. 549].

    2.    Since the Court extended the receivership, the Receiver has worked diligently to administer the receivership estate. The Receiver currently has two outstanding issues that require a short extension of the Receivership. These items are set forth below.

    3.    First, the Receiver settled his claims against Howard M. Babcock ("Babcock"), but Babcock failed to perform after the Court previously extended the receivership. As a result, the Receiver secured a judgment against Babcock and commenced discovery in aid of execution and execution upon his judgment. Recently, the Receiver and Babcock resolved the estate's claims, which requires the finalization and execution of certain settlement documents involving the release of garnished funds.

4.  Notably, this claim is being handled by the Receiver's legal professionals on a contigency basis, as approved by this Court, for the benefit of the receivership estate and its victims. *See* [ECF No. 520].

5.  In addition, the Receiver needs to file the final tax returns for the estate and those returns cannot be completed and filed until all of the Babcock monies are received by the Receiver. Upon receipt of these monies, the estate will be in a position to file its final tax returns.

6.  Accordingly, for the reasons set forth above, there exists good cause to extend the receivership. This is the Receiver's eighth request to extend the receivership. It is made in good faith and for the benefit of the receivership estate and its victims.

7.  The Receiver respectfully requests that the deadline for the Receiver to conclude administration of the receivership be extended by an additional period of 62 days, through and including February 1, 2023.

8.  The Receiver makes this request without prejudice to completing his administration of the receivership within a shorter period of time, or requesting additional time to complete the administration of the receivership.

9.  Prior to filing this motion, the Receiver consulted with the Federal Trade Commission and the Office of the Attorney General, State of Florida, Department of Legal Affairs, and is authorized to represent that the Plaintiffs have no objection to the relief requested herein.

WHEREFORE, the Receiver, Jonathan E. Perlman, Esq., respectfully requests this Court grant Receiver's Eighth Motion to Extend Receivership, extending the deadline for the Receiver to complete administration of the Receivership through and including February 1, 2023, and for such other relief as this Court may deem just and proper.

CASE NO. 0:17-60907-CIV-MORENO

/s/Jonathan E. Perlman. Esq.
Jonathan E. Perlman, Esq., Receiver, and
**GENOVESE JOBLOVE & BATTISTA, P.A.**
Attorneys for Jonathan E. Perlman, Esq.
jperlman@gjb-law.com
100 Southeast 2nd Street, 44th Floor
Miami, FL  33131
Telephone:  (305) 349-2300
Facsimile:   (305) 349-2310

### CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of December, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document has been served this day on all counsel of record and entities, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

 /s/Jonathan E. Perlman
Jonathan E. Perlman