UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:17-60907-CIV-MORENO

FEDERAL TRADE COMMISSION, *et al.*,

    Plaintiffs,

v.

JEREMY LEE MARCUS, *et al.*,

    Defendants.
_____/

## RECEIVER'S TWELFTH MOTION TO EXTEND RECEIVERSHIP

Jonathan E. Perlman, Esq., court-appointed Receiver (the "Receiver"), hereby files his Twelfth Motion to Extend Receivership (the "Motion"), and in support thereof, states as follows:

1. On March 13, 2023, the Receiver filed his Eleventh Motion to Extend Receivership [ECF No. 561], which this Court subsequently granted. [ECF No. 562]. Accordingly, the Receivership is set to terminate on May 12, 2023. [ECF No. 562].

2. Since the Court's granting of the Eleventh Motion to Extend Receivership, the Receiver and his professionals worked diligently to administer and conclude the Receivership, specifically with regard to the resolution of a potential tax liability.

3. As explained in the Receiver's Tenth Motion to Extend Receivership, the Receiver finalized the motion to close out the Receivership, as well as the final fee application for payment of professional fees and expsenses, and provided multiple drafts of same to the Plaintiffs. [ECF No. 558]. However, as explained in the Tenth Motion to Extend Receivership, a potential outstanding tax liability reamined unresolved. [*Id.*].[1]

---

[1] Specifically, the tax issue allegedly includes ESRP liability on four (4) of the Receivership Entities dating back to 2015. However, tax notices were not issued until 2018, when the Receiver

4.	Since the filing of the Receiver's Eleventh Motion to Extend the Receivership, the Receiver's tax consultants spoke with various people at the IRS Practioner Help/Hotline, and was advised that the case was waiting assignment to an agent. The IRS Practioner Help/Hotline requested that the agent be assigned expeditiously.  The Receiver's professionals were informed that the appointment of the agent can take 90 days.

5.	Additionally, the Receiver received notice that one of the tax liablities for 321 Loans, Inc. will not be collected.

6.	Since the filing of the Eleventh Motion to Extend Receivership, the Receiver and his tax consultant diligently worked to resolve the ESRP tax liability, but as of the date of this Motion, have been unsuccessful in resolving same.

7.	The Receiver and his tax consultant are continuing to investigate the best course of action regarding these outstanding liabilities with the goal being to close out the Receivership.

8.	As of the date of filing this Motion, neither the Receiver nor his tax consultant received a response regarding the ESRP tax liability from the IRS on the Tax Liability Entities.

9.	The Receiver seeks an additional 90 days to determine the best course of action regarding the tax liability in order to effectively close out the Receivership.

10.	Accordingly, the Receiver respectfully requests an extension of time for an additional 90 days, through and including August 10, 2023, to work through the tax liability issue and conclude aministration of the Receivership.

---

was made aware of such issue. At that time, the Receiver's tax consultants provided a detailed written response to the IRS as to why there was no tax liability. Subsequently, on multiple occassions, the Receiver's tax professionals contacted the taxpayer advocate for the IRS to bring the matter to a resolution. Despite these multiple communcations, the IRS did not respond to the Receiver's inquiries and request for a prompt resolution.

11. There exists good cause to extend the Receivership.

12. This is the Receiver's twelfth request to extend the Receivership. It is made in good faith and for the benefit of the Receivership Estate and its victims.

13. The Receiver makes this request without prejudice to completing his administration of the Receivership within a shorter period of time, or requesting additional time to complete the administration of the Receivership.

14. Prior to filing this motion, the Receiver consulted with the Federal Trade Commission and the Office of the Attorney General, State of Florida, Department of Legal Affairs, and is authorized to represent that the Plaintiffs have no objection to the relief requested herein.

WHEREFORE, the Receiver, Jonathan E. Perlman, Esq., respectfully requests this Court grant Receiver's Twelfth Motion to Extend Receivership, extending the deadline for the Receiver to complete administration of the Receivership through and including August 10, 2023, and for such other relief as this Court may deem just and proper.

## S.D. Fla. L.R. 7.1(A)(3) CERTIFICATE OF CONFERENCE

Undersigned counsel hereby certifies that counsel for the Receiver, conferred with counsel for the Federal Trade Commission and the Office of the Attorney General, State of Florida, Department of Legal Affairs on May 12, 2023, via email, regarding the requested relief and is authorized to represent that the Federal Trade Commission and the Office of the Attorney General, State of Florida, Department of Legal Affairs have no objection to the relief requested herein.

CASE NO. 0:17-60907-CIV-MORENO

/s/Jonathan E. Perlman. Esq.
Jonathan E. Perlman, Esq., Receiver, and
**VENABLE LLP**
Attorneys for Jonathan E. Perlman, Esq.
jeperlman@venable.com
100 Southeast 2nd Street, 44th Floor
Miami, FL  33131
Telephone: (305) 349-2300
Facsimile: (305) 349-2310

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of May, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document has been served this day on all counsel of record and entities, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

 /s/Jonathan E. Perlman
Jonathan E. Perlman