UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:17-60907-CIV-MORENO

FEDERAL TRADE COMMISSION, *et al.*,

    Plaintiffs,

v.

JEREMY LEE MARCUS, *et al.*,

    Defendants.

_____/

## RECEIVER'S EIGHTEENTH MOTION TO EXTEND RECEIVERSHIP

Jonathan E. Perlman, Esq., court-appointed Receiver (the "Receiver"), hereby files his Eighteenth Motion to Extend Receivership (the "Motion"), and in support thereof, states as follows:

1. On April 17, 2024, the Receiver filed his Seventeenth Motion to Extend Receivership [ECF No. 577], which this Court subsequently granted on June 20, 2024. [ECF No. 579]. Accordingly, the Receivership was set to terminate on June 17, 2024, *nunc pro tunc*. [ECF No. 579].

2. Since the Court's granting of the Seventeenth Motion to Extend Receivership, the Receiver and his professionals worked diligently to administer and conclude the Receivership, specifically with regard to the resolution of a potential tax liability.

3. As explained in the Receiver's Twelfth Motion to Extend Receivership, a potential outstanding tax liability remains unresolved. [ECF No. 563].[1]

---

[1] Specifically, the tax issue allegedly includes ESRP liability on four (4) of the Receivership Entities dating back to 2015. However, tax notices were not issued until 2018, when the Receiver was made aware of such issue. At that time, the Receiver's tax consultants provided a detailed written response to the IRS as to why there was no tax liability. Subsequently, on multiple occasions, the Receiver's tax professionals contacted the taxpayer advocate for the IRS to bring

4. The Receiver and his tax consultant have continued to diligently work to resolve the ESRP tax liability. Since the filing of the Fourteenth Motion to Extend the Receivership, one of the two outstanding ESRP claims was resolved in favor of the Receivership Estate.

5. However, as of the date of this Motion, the Receiver is still working to resolve the last remaining ESRP claim.

6. Since April 17, 2024, in an effort to resolve this remaining tax liability, the Receiver's tax professionals sent additional correspondence to the IRS seeking that the remaining ESRP be treated as the other ESRP tax issues for the estate and be abated.

7. On June 27, 2024, and June 28, 2024, the Receiver's tax professionals received correspondence from the IRS stating that the IRS "need[s] an additional 60 days" to address the Receiver's ESRP abatement request. Copies of the June 27, 2024, and June 28, 2024 letters are attached hereto as **Composite Exhibit 1**.

8. Therefore, due to this request from the IRS, the Receiver seeks a 90-day extension to close out the Receivership, in hopes of resolving the outstanding tax liability in the interim time.

9. Accordingly, the Receiver respectfully requests an extension of time for an additional 90 days, through and including October 8, 2024, to work through the tax liability issue and conclude administration of the Receivership.

10. There exists good cause to extend the Receivership.

11. This is the Receiver's eighteenth request to extend the Receivership. It is made in good faith and for the benefit of the Receivership Estate and its victims.

---

the matter to a resolution. Despite these multiple communications, the IRS did not respond to the Receiver's inquiries and request for a prompt resolution.

CASE NO. 0:17-60907-CIV-MORENO

12. The Receiver makes this request without prejudice to completing his administration of the Receivership within a shorter period of time, or requesting additional time to complete the administration of the Receivership.

13. Prior to filing this motion, the Receiver consulted with the Federal Trade Commission and the Office of the Attorney General, State of Florida, Department of Legal Affairs, and is authorized to represent that the Plaintiffs have no objection to the relief requested herein.

WHEREFORE, the Receiver, Jonathan E. Perlman, Esq., respectfully requests this Court grant Receiver's Eighteenth Motion to Extend Receivership, extending the deadline for the Receiver to complete administration of the Receivership through and including October 8, 2024, and for such other relief as this Court may deem just and proper.

### S.D. Fla. L.R. 7.1(A)(3) CERTIFICATE OF CONFERENCE

Undersigned counsel hereby certifies that counsel for the Receiver, conferred with counsel for the Federal Trade Commission and the Office of the Attorney General, State of Florida, Department of Legal Affairs on July 10, 2024, via email, regarding the requested relief and is authorized to represent that the Federal Trade Commission and the Office of the Attorney General, State of Florida, Department of Legal Affairs have no objection to the relief requested herein.

/s/Jonathan E. Perlman. Esq.
Jonathan E. Perlman, Esq., Receiver, and

**VENABLE LLP**
Attorneys for Jonathan E. Perlman, Esq.
jeperlman@venable.com
100 Southeast 2nd Street, 44th Floor
Miami, FL  33131
Telephone: (305) 349-2300
Facsimile: (305) 349-2310

CASE NO. 0:17-60907-CIV-MORENO

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of July, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document has been served this day on all counsel of record and entities, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

    /s/Jonathan E. Perlman
    Jonathan E. Perlman