UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:17-CV-60907-MORENO/AUGUSTIN-BIRCH

**FEDERAL TRADE COMMISSION,** *et al.***,**

    **Plaintiffs,**

v.

**JEREMY LEE MARCUS,** *et al.***,**

    **Defendants.**

_____/

**REPORT AND RECOMMENDATION ON RECEIVER'S FINAL MOTION
FOR AWARD OF PROFESSIONAL FEES AND REIMBURSEMENT OF EXPENSES**

This cause comes before the Court on the Receiver's Final Motion for Award of Professional Fees and Reimbursement of Expenses. DE 585. The Honorable Federico A. Moreno, Senior United States District Judge, referred the Motion to the undersigned United States Magistrate Judge for a report and recommendation. DE 587. Having carefully considered the Motion and the record and being otherwise fully advised, the Court **RECOMMENDS GRANTING IN PART AND DENYING IN PART** the Receiver's Final Motion for Award of Professional Fees and Reimbursement of Expenses [DE 585].

**I. Background**

On May 8, 2017, Plaintiffs, the Federal Trade Commission and the State of Florida, initiated litigation against three individual Defendants, eleven corporate Defendants, and twelve relief Defendants. DE 1. As part of their Complaint, Plaintiffs averred that the individual and corporate Defendants "engaged in a massive scheme to offer consumers phony debt relief services, including fake loans." *Id.* ¶ 3. Additionally, Plaintiffs alleged that the relief Defendants "received

assets that can be traced directly to Defendants' deceptive acts or practices" and that the relief Defendants "have no legitimate claim to those assets." *Id.* ¶¶ 29–32. Accordingly, pursuant to the Federal Trade Commission Act, the Telemarketing Act, and Florida's Deceptive and Unfair Trade Practices Act, Plaintiffs requested, among other relief, a preliminary and permanent injunction and appointment of a receiver. *Id.* ¶ 90A–D.

Contemporaneous with their Complaint, Plaintiffs moved for a temporary restraining order with an asset freeze and for appointment of a receiver, DE 8, and the Honorable Cecilia M. Altonaga, United States District Judge, granted their motion, freezing Defendants' assets and appointing Jonathan E. Perlman as a temporary Receiver. DE 13. Later on, Judge Altonaga entered a preliminary injunction against Defendants, granting much of the same relief and appointing Jonathan E. Perlman as a permanent Receiver. DE 21. The preliminary injunction also provided that "the Receiver and all personnel hired by the Receiver . . . are entitled to reasonable compensation for the performance of duties . . . and for the cost of actual out-of-pocket expenses incurred by them." *Id.* at 26.

Throughout the multi-year receivership, the Receiver applied for, and was granted, fees and costs on eight occasions. DE 135; DE 211; DE 282; DE 291; DE 315; DE 322; DE 385; DE 399; DE 418; DE 436; DE 450; DE 482; DE 502; DE 508; DE 530; DE 532. Additionally, after requesting and receiving approval of a contingency fee agreement, DE 384; DE 396, the Receiver applied for, and was granted, fees and costs pursuant to that contingency fee agreement on two occasions. DE 520; DE 525; DE 527; DE 528. The Receiver, however, has neither applied for nor received any fees or costs since late 2020. *See* DE 528 (November 4, 2020 Order granting the Receiver's second motion for fees and expenses pursuant to contingency fee agreement); DE 532 (December 15, 2020 Order granting the Receiver's eighth motion for fees and expenses). This is

because, as part of granting the Receiver's fourth motion to extend the receivership, Judge Moreno ruled that the next approval of fees and costs would only occur after the completion of the receivership.[1] DE 535. Significantly, Judge Moreno also ruled that "the hourly fee rate requested will be reduced **50 per cent**" in the next approval of fees and expenses. *Id.*

Now, after the conclusion of the receivership, the Receiver has filed the present Final Motion for Award of Professional Fees and Reimbursement of Expenses. DE 585. In his Motion, the Receiver first seeks authorization to pay his Genovese Joblove & Battista, P.A. and Venable LLP counsel $146,184.00 in fees and $24,766.31 in costs for the services they billed at an hourly rate. *Id.* at 2. Second, pursuant to the contingency fee agreement, the Receiver seeks authorization to pay his Venable LLP counsel $430,16.23 in fees and $25,459.44 in costs for the matters his counsel litigated on a contingency fee basis. *Id.* at 3. Third, the Receiver seeks authorization to pay his forensic accountants $265,543.10 in fees and $4,108.02 in costs. *Id.* at 2. Finally, the Receiver seeks authorization to pay his North Carolina counsel $4,785.35 in fees. *Id.* This Court ordered the Receiver to provide the supporting documentation for his fees and costs request, DE 588, and the Receiver complied with this Court's Order. DE 592.

## II. Hourly Fees and Costs

The Receiver requests authorization to pay $416,512.45 in fees and $28,874.33 in costs for his staff's work billed on an hourly basis. DE 585 at 2. The Receiver breaks down these fees and costs as follows:

1. $146,184.00 in fees and $24,766.31 in costs for his counsel, Genovese Joblove & Battista, P.A. and Venable LLP;

---

[1] Judge Altonaga transferred this matter to the Honorable William P. Dimitrouleas, United States District Judge, DE 61, and the case was assigned to Judge Moreno after Judge Dimitrouleas recused. DE 83.

3

    2. $265,543.10 in fees and $4,108.02 in costs for his forensic accountants, KapilaMukamal LLP; and

    3. $4,785.35 in fees for his North Carolina counsel, Carter & Carter, P.A.

*Id.*

The Receiver's counsel at Genovese Joblove & Battista, P.A. billed 242.1 hours between October 1, 2020, and December 30, 2022, at an average hourly rate of $355.11 for all timekeepers for a total of $85,971.50 in fees, and they incurred $16,571.18 in costs. DE 592-1. As for the Receiver's counsel at Venable LLP, the billing records show that they billed 159.5 hours between January 18, 2023, and August 29, 2024—at hourly rates of $410, $300, $140, $425, $140, and $300, depending on the timekeeper—for a total of $60,212.50 in fees, and they incurred $8,195.13 in costs. DE 592-2. Per Judge Moreno's previous ruling, the hourly rates the Receiver seeks should be reduced by fifty percent. DE 535 ("[G]iven the almost four years of litigation, the hourly fee rate requested will be reduced **50 per cent**."). Therefore, the Court recommends authorizing the Receiver to pay his Genovese Joblove & Battista, P.A. and Venable LLP counsel $73,092 in fees for the hourly work they completed ($146,184 x .5 = $73,092). The preliminary injunction entitles the Receiver and his staff to "reasonable compensation" for the performance of their duties. DE 21 at 26. And after the fifty-percent reduction to their hourly rate, the Court concludes that $73,092 in fees for the hourly work of the Receiver's counsel is reasonable compensation, given the length and breadth of this matter and the already discounted billing rates of the Receiver's counsel.[2] The preliminary injunction also entitles the Receiver and his staff to recover the costs of "actual out-of-pocket expenses." *Id.* Thus, the Court recommends authorizing the Receiver to pay his

---

[2] The Receiver's counsel agreed to bill at a reduced hourly rate. DE 585 at 5 ("All Venable timekeepers billed at 20–40% below their regular hourly billing rate."); *see, e.g.*, DE 592-1 at 2 (noting discounted hourly rates); DE 592-2 at 2 (same).

Genovese Joblove & Battista, P.A. and Venable LLP counsel $24,766.31 in costs to compensate them for the expenses they incurred for matters billed on an hourly basis.

The Receiver's forensic accountants billed 735.7 hours between August 31, 2019, and August 31, 2024, at various hourly rates, for a total of $265,543.10 in fees. DE 592-3. Because the Receiver's prior motions for fees and expenses sought hourly fees for his forensic accountants in addition to his counsel, *see, e.g.*, DE 502 (seventh motion); DE 529 (eighth motion), the Court construes Judge Moreno's Order that imposes a fifty-percent reduction to the hourly fee rate to also apply to the hourly fee rate of the Receiver's forensic accountants. *See* DE 535. Accordingly, the Court recommends authorizing the Receiver to pay his forensic accountants $132,771.55 in fees for the hourly work they completed ($265,543.10 x .5 = $132,771.55). The preliminary injunction entitles the Receiver and his staff to "reasonable compensation" for the performance of their duties. DE 21 at 26. And after the fifty-percent reduction to their hourly rate, the Court concludes that $132,771.55 in fees for the hourly work of the Receiver's forensic accountants is reasonable compensation, given the length and breadth of this matter and the already discounted billing rates of the Receiver's forensic accountants.[3] The preliminary injunction also entitles the Receiver and his staff to recover the costs of "actual out-of-pocket expenses." *Id.* Thus, the Court recommends authorizing the Receiver to pay his forensic accountants $4,108.02 in costs for the expenses they incurred.

Lastly, the Receiver seeks authorization to pay his North Carolina counsel $4,785.35 in fees. DE 585 at 8. The only billing record the Receiver supplied for his North Carolina counsel is an invoice for the $4,785.35 in fees. *See* DE 592-4 at 2. But in his Motion, the Receiver explains

---

[3] The Receiver's forensic accountants also agreed to bill at a reduced hourly rate. DE 585 at 6 ("The Receiver's forensic accounting and tax professionals at KM, per an agreement negotiated by the Receiver, billed at 15% below their regular hourly billing rate."); *see, e.g.*, DE 592-3 at 3 (billing invoice from Receiver's forensic accountants with 15% discount).

that his North Carolina counsel assisted him in negotiating and drafting a settlement agreement along with researching various issues for the litigation he pursued in North Carolina. DE 585 at 10. After applying the fifty-percent reduction that Judge Moreno's Order imposes, *see* DE 535, the Court recommends authorizing the Receiver to pay his North Carolina counsel $2,392.68 in fees ($4,785.35 x .5 = $2,392.68). The preliminary injunction entitles the Receiver and his staff to "reasonable compensation" for the performance of their duties. DE 21 at 26. And after the fifty-percent reduction to their hourly rate, the Court concludes that $2,392.68 in fees for the hourly work of the Receiver's North Carolina counsel is reasonable compensation.

### III. Contingency Fees and Costs

The Receiver requests authorization to pay his Venable LLP counsel $430,164.23 in fees and $25,459.44 in costs for matters litigated on a contingency basis, and the Receiver breaks down these fees and costs as follows:

| Name and Case Number | Recovered Amount | Contingency Fee (28%) | Costs |
|---|---|---|---|
| *Perlman v. Bitterroot Tool & Machine, Inc.* <br><br> No. 20-CV-61291 | $125,000 | $35,000 | $4,698.00 |
| *Perlman v. PNC Bank, N.A.* <br><br> No. 19-CV-61390 | $25,000 | $7,000 | $3,883.35 |
| *Perlman v. Vairog US, LLC* <br><br> No. 20-CV-61219 | $250,000 | $70,000 | $5,169.07 |
| *Perlman v. American Express Centurion Bank, et al.* | $450,000 | $126,000 | $10,894.76 |

| | | | |
|---|---|---|---|
| No. 19-CV-61386 | | | |
| *Emigrant Residential, LLC v. Alana La Torra-Borland, et al.*<br><br>No. 50-2019-CA-008754 | $670,782.64 | $187,819.14 | $140.95 |
| *Perlman v. Howard M. Babcock*<br><br>No. 21-CV-21691 | $15,518.18 | $4,345.09 | $673.31 |
| Total: | $1,536,300.82 | $430,164.23 | $25,459.44 |

DE 585 at 7, 9; *see also* DE 592 at 6 (certification by the Receiver as to the recovery amount from each of the cases litigated on a contingency basis); DE 592-5 (list of expenses incurred in the contingency matters).

Judge Moreno previously approved the Receiver's contingency fee agreement, which permits the Receiver to retain 28% of any recovery as a reasonable attorney's fee for matters litigated on a contingency basis. *See* DE 384; DE 396. Therefore, the Court recommends authorizing the Receiver to pay his Venable LLP counsel $430,164.23 in contingency fees. *See* DE 21 at 26 (authorizing payment of "reasonable compensation" to the Receiver and his staff for performance of their duties). The preliminary injunction in this case also permits the Receiver to recover the costs of "actual out-of-pocket expenses." *Id.* Thus, the Court also recommends authorizing the Receiver to pay his Venable LLP counsel $25,459.44 to compensate them for costs incurred during the litigation of the contingency matters.

## IV. Recommendation

Based on the foregoing, the Court **RECOMMENDS GRANTING IN PART AND DENYING IN PART** the Receiver's Final Motion for Award of Professional Fees and

Reimbursement of Expenses [DE 585]. Specifically, the Court **RECOMMENDS** that the Receiver be granted authorization to pay his counsel $505,648.91 in fees ($73,092 for hourly fees for his Genovese Joblove & Battista, P.A and Venable LLP counsel, $430,164.23 in contingency fees for his Venable LLP counsel, and $2,392.68 in fees for his North Carolina counsel) and $50,225.75 in costs ($24,766.31 for hourly matter expenses and $25,459.44 for contingency matter expenses). The Court also **RECOMMENDS** that the Receiver be granted authorization to pay his forensic accountants $132,771.55 in fees and $4,108.02 in costs.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 8th day of January, 2025.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE