**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 0:17-60907-CIV-MORENO

FEDERAL TRADE COMMISSION, *et al.*,

     Plaintiffs,

v.

JEREMY LEE MARCUS, *et al.*,

     Defendants.

_____/

**RECEIVER JONATHAN E. PERLMAN'S LIMITED OBJECTION TO REPORT AND**
**RECOMMENDATION ON RECEIVER'S FINAL MOTION FOR AWARD OF**
**PROFESSIONAL FEES AND REIMBURSEMENT OF EXPENSES**

Receiver, Jonathan E. Perlman, Esq. (the "Receiver")[1], pursuant to 28 U.S.C. § 636(b)(1),

Rule 72 of the Federal Rules of Civil Procedure, and Rule 4(b) of the Magistrate Judge Rules of

the United States District Court for the Southern District of Florida, hereby files his limited

objection (the "Limited Objection") to the *Report and Recommendation on Receiver's Final*

---

[1] On May 9, 2017, the Court appointed Jonathan E. Perlman, Esq. as Receiver over the following entities: Financial Freedom National, Inc. f/k/a Institute for Financial Freedom, Inc. and Marine Career Institute Sea Frontiers, Inc. d/b/a 321 Loans, Instahelp America, Inc., Helping America Group, United Financial Support, Breeze Financial Solutions, 321Financial Education, Credit Health Plan, Credit Specialists of America, American Advocacy Alliance, and Associated Administrative Services, 321Loans, Inc., f/k/a 321 Loans, Inc. d/b/a 321Financial, Inc., Instahelp America, Inc. f/k/a Helping America Team, Inc. d/b/a Helping America Group, Breeze Financial Solutions, Inc. d/b/a Credit Health Plan and Credit Maximizing Program, US Legal Club, LLC, Active Debt Solutions, LLC f/k/a Active Debt Solutions, Inc. d/b/a Guardian Legal Center, Guardian LG, LLC d/b/a Guardian Legal Group, American Credit Security, LLC f/k/a America Credit Shield, LLC, Paralegal Support Group LLC f/k/a Paralegal Support LLC, Associated Administrative Services, LLC d/b/a Jobfax, Cockburn & Associate LLC, JLMJP Pompano, LLC, Halfpay International, LLC, Halfpay NV, LLC, HP Properties Group, Inc., HP Media, Inc., Omni Management Partners, LLC, Nantucket Cove of Illinois, LLC, Discount Marketing USA, S.A., Viking Management Services, LLC, White Light Media LLC, Blue42, LLC, National Arms, LLC, and 110 Glouchester St., LLC, and their divisions, subsidiaries, affiliates, predecessors, successors, and assigns (collectively, the "Receivership Entities"), creating the Receivership estate (the "Receivership Estate"). [ECF Nos. 21, 102, 222, 286].

*Motion for Award of Professional Fees and Reimbursement of Expenses* (the "R&R") [ECF No.
593], entered on January 8, 2025, which recommends that the *Receiver's Final Motion for Award
of Professional Fees and Reimbursement of Expenses* (the "Final Motion for Attorneys' Fees")
[ECF No. 584] be granted in part and denied in part, and states as follows:

I.      **PRELIMINARY STATEMENT**

        In connection with closing out the Receivership, on October 8, 2024, the Receiver filed his
Final Motion for Attorneys' Fees seeking approval to pay professional fees and costs incurred by
the Receiver's lead counsel, Genovese Joblove & Battista, P.A. and Venable LLP[2] (together,
"Venable"), his forensic accountants, Kapila Mukamal LLP ("KM"), and his local North Carolina
counsel, Carter & Cater, P.A. ("Carter", together with Venable and KM, the "Professionals"), in
connection with work performed by the Professionals from September 30, 2020, through October
8, 2024 (the "Final Application Period").

        As outlined in the Final Motion for Attorneys' Fees, since appointment, the Receiver and
his Professionals spent significant time and effort attending to matters concerning the
Receivership, including investigating and marshalling assets of the Receivership Entities,
liquidating Receivership Estate property, and prosecuting litigation claims against third parties.
Through these efforts, the Receiver and his Professionals ultimately recovered over $30 million in
assets for the Receivership Estate, and, after liquidating assets and deducting Receivership fees

---

[2] Effective January 1, 2023, the Receiver, Jonathan E. Perlman, as well as his counsel at Genovese
Joblove & Battista, P.A. became part of the law firm Venable LLP. On January 25, 2023, the
Receiver and his counsel filed their Notice of Firm Affiliation Change and Amended Designation
of Email-Address. [ECF Nos. 554, 555]. The small amount of hourly fees owed to Venable LLP
is for work the Receiver and his attorneys did to close out the Receivership and attend to tax issues
since January 2023. Venable LLP has agreed to the same discounted rate as Genovese Joblove &
Battista, P.A.

and costs, over $20 million has been distributed to consumer victims (the "Redress Payments").

As a public service, the Receiver and all the Professionals he retained agreed to handle the matter at highly discounted rates—between 15% to 40% below their regular hourly rates—which, in addition to being discounted, were contingent upon the Receivership Estate ultimately having sufficient funds to pay such fees. Specifically, Venable partners, for the last seven (7) years, billed the Receivership Estate at hourly rates between $410.00 and $425.00, counsel between $300.00 and $355.00, associates at $300.00, and paralegals between $100.00 and 140.00 per hour. KM partners billed the Receivership Estate at hourly rates between $450.00 and $650.00, consultants between $296.00 and $340.00, forensic analysts at $170.00, and paraprofessionals at $190.00 per hour. Likewise, Carter partners billed the Receivership Estate at an hourly rate of $375.00, and paralegals at $125.00 per hour. Not once during the life of the case (over 7 years) did the Receiver or his Professionals seek an increase in hourly rates. In the Final Motion for Attorneys' Fees, the Receiver requested authority to pay his Professionals the outstanding hourly fees at the applicable discounted rates totaling $416,512.45.

The Final Motion for Attorneys' Fees also sought costs in the amount of $54,333.77, and contingency fees in the amount of $430,164.23 for matters handled pursuant to a court-approved contingency agreement. In sum, the total amount sought in the Final Motion for Attorneys' Fees was $901,010.45 (the "Total Outstanding Fee").

Notably, prior to submitting the Final Motion for Attorneys' Fees, the Receiver provided all bills and time entries to the FTC and the Office of the Attorney General, State of Florida, Department of Legal Affairs (the "State of Florida") (together, the "Plaintiffs") for review and comment. After review and discussion, Plaintiffs did not object to the relief requested in the Final Motion for Attorneys' Fees but requested that the Final Motion for Attorneys' Fees include

reference to the Court's March 25, 2021 Order. The Receiver included in his Final Motion for Attorneys' Fees a discussion of the Court's March 25, 2021 Order. *See* [ECF No. 585 at pp. 6-7].

On November 27, 2024, the Court referred the Final Motion for Attorneys' Fees to United States Magistrate Judge Panayotta Augustin-Birch ("Judge Augustin-Birch"). [ECF No. 587]. Thereafter, on January 8, 2025, Judge Augustin-Birch entered the R&R, recommending the Court approve the requested contingency fees ($430,164.23) and costs ($54,333.77). However, Judge Augustin-Birch recommended that this Court reduce all Professionals' hourly fees (totaling $416,512.45) across the board by 50% (to $208,256.23). The Magistrate Judge did so based upon this Court's March 25, 2021 Order, which provided that "the hourly fee rate requested will be reduced 50 per cent" in the final fee application (the "Interim Fee Order") [ECF No. 535]. If this recommendation is accepted, Venable attorneys would be compensated at hourly rates between $150.00 and $212.50 per hour for work mostly performed over four (4) years ago. Likewise, KM professionals would receive compensation at hourly rates between $85.00 and $325.00 per hour, and Carter professionals would, after waiting four (4) years to be paid at an agreed upon higher rate, receive payment for hourly rates between $62.50 and $187.50 for work Carter completed long ago, before this Court entered, *sua sponte*, its Interim Fee Order, which ordered final fees would be cut in half.

By way of this Limited Objection, the Receiver requests the Court adopt the R&R to the extent it recommends that the Receiver and his Professionals be fully compensated for fees earned on contingency matters and costs. However, as permitted under 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72, the Receiver requests the Court modify the R&R and grant

the full $416,512.45 in hourly fees requested in the Final Motion for Attorneys' Fees.[3]

Allowing the Receiver's Professionals to be fully compensated on their hourly fee work for the Final Application Period is appropriate because the hourly fees are reasonable under Eleventh Circuit standards—particularly when considering the significant reduction in hourly rates being charged by the Professionals. Moreover, the Professionals spent significant time and effort on this Receivership and brought tremendous value to the Receivership Estate for the ultimate benefit of consumer victims. The Receivership Estate has sufficient funds to cover the Total Outstanding Fees, and neither of the Plaintiffs objected to the relief sought in the Final Motion for Attorneys' Fees.

Alternatively, if the Court declines to revisit the Interim Fee Order, the Receiver requests that the Professionals be fully compensated for the hourly fees incurred ***before*** entry the Interim Fee Order, as the Professionals were working under the assumption at that time that their fees would be covered at the previously Court-approved rate. Accordingly, in addition to the $208,256.23 in hourly fees already recommended in the R&R, the Professionals incurred the following additional fees ***prior*** to the Interim Fee Order: Venable incurred $19,118, KM incurred $96,827.29, and Carter incurred $2,392.68, which totals $118,337.97.

## II.     FACTS

### A.     Appointment of Jonathan E. Perlman as Receiver

On May 8, 2017, Plaintiffs commenced this Receivership action, and, on May 17, 2017, the Court appointed Jonathan E. Perlman as permanent receiver pursuant to the Preliminary Injunction (the "PI Order") entered against the Receivership Entities. The PI Order outlined the

---

[3] The Interim Fee Order is a non-final order which the Court has the power to vacate or amend. *See* Section III.C, *infra*.

Receiver's extensive duties (the "Duties") in this Receivership case and directed the Receiver to choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the Receiver deems advisable or necessary in the performance of his Duties. The PI Order further provided that professionals employed by the Receiver were entitled to reasonable compensation and out-of-pocket expenses incurred through work performed in connection with the Receivership case.

### B.      The Final Motion for Attorneys' Fees

In connection with the Receiver's filing of his *Motion to (I) Close Out Receivership Proceeding, (II) Abandon Estate Property, (III) Approve Final Distribution, and (IV) Discharge the Receiver and his Professional*s [ECF No. 584], on October 8, 2024, the Receiver filed the Final Motion for Attorneys' Fees, which sought reasonable compensation for the efforts performed by the Professionals during the Final Application Period. Prior to the filing of the Final Motion for Attorneys' Fees, the Professionals had not been paid since September 30, 2020. In the Final Motion for Attorneys' Fees, the Receiver sought approval to pay the Total Outstanding Fee owed to his Professionals, an amount totaling $901,010.45, which included $626,573.98 in fees and costs to Venable ($576,348.23 in fees, $146,184.00 of which was for hourly matters, and $50,225.75 in costs); $265,543.10 in hourly fees and $4,108.02 in costs to KM; and $4,785.35 in hourly fees to Carter. The total amount being sought for hourly fees was $416,512.45.

Importantly, the hourly fees sought were charged at a significantly reduced rate, to which the Professionals agreed in order to preserve assets for the Receivership Estate for the ultimate benefit of the defrauded consumers. All Venable timekeepers billed at 20-40% below their regular hourly billing rate. The Receiver and Venable provided a further discount to the Receivership Estate in this Final Fee Application by not requesting reimbursement for the fully compensable

work performed by members of the Receiver's team employed by Venable who provided critical

functions in IT, internal accounting, bookkeeping, and consumer relations services during the Final

Application Period. The Receiver also wrote off certain time entries to provide further benefit to

the Receivership Estate. Moreover, the Receiver and Venable agreed to bear any costs they

incurred for Westlaw research and reduced the price per page for photocopies and printing. In

addition, the Receiver's forensic accounting and tax professionals at KM, per an agreement

negotiated by the Receiver, billed at 15% below regular hourly billing rates. And Carter also agreed

to bill at 15% below regular hourly billing rates. Moreover, these reduced hourly rates were

negotiated with Plaintiffs and implicitly approved by this Court through the granting of prior fee

applications.

C.    **The R&R**

On November 27, 2024, the Court referred the Final Motion for Attorneys' Fees to Judge

Augustin-Birch [ECF No. 587]. Thereafter, on January 8, 2025, Judge Augustin-Birch entered her

R&R. [ECF No. 593]. In the R&R, Judge Augustin-Birch recommended the Court grant the Final

Motion for Attorneys' Fees and allow Venable to recover all of the requested contingency fees as

well as reimbursement of all of the costs sought by the Professionals. However, Judge Augustin-

Birch reduced the $416,512.45 in hourly fees requested by the Professionals by 50% to

$208,256.23, based upon the Interim Fee Order, entered in connection with a motion to extend the

time to fully administer the Receivership estate, which provided that "the hourly fee rate requested

will be reduced 50 per cent" in the final fee application, [ECF No. 535]. As a result, the

recommended hourly rates for Venable partners are between $205.00 and $212.50 per hour,

Venable counsel are between $150.00 and $177.50 per hour, Venable associates are $150.00 per

hour, and Venable paralegals are between $50.00 and $70.00 per hour. The recommended hourly

rates for KM partners are between $225.00 and $325.00 per hour, KM consultants are between $148.00 and $170.00 per hour, KM forensic analysts are $85.00 per hour, and KM paraprofessionals are $95.00 per hour. And the recommended hourly rates for Carter partners are $187.50 per hour and Carter paralegals are $62.50 per hour. This timely Limited Objection follows seeking modification of only that portion of the R&R recommending a 50% reduction in hourly fees.

## III.   ARGUMENT

### A.   Standard of Review

When evaluating an objection to a report and recommendation, the district court must review the matters objected to *de novo*. *Jackson v. Motel 6 Multipurposes, Inc.*, 172 F.R.D. 462, 465 (M.D. Fla. 1997) (report and recommendation reviewed *de novo*); 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P 72(b)(3). After review, the district court may accept, reject, or modify in whole or in part, the findings and recommendations made by the magistrate judge. *Thompson v. Regions Sec. Servs., Inc.*, 2024 U.S. Dist. LEXIS 203895, at *2 (S.D. Fla. Nov. 7, 2024) ("The district court may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge" (citing 28 U.S.C. § 636(b)(1))).

### B.   Judge Augustin-Birch properly recommended the Receiver and his Professionals be fully compensated for fees earned on contingency matters and costs.

Pursuant to the PI Order, the Professionals employed by the Receiver are entitled to reasonable compensation for work performed and costs incurred in connection with the Receivership case. In the Eleventh Circuit, to determine whether the fees incurred were reasonable, courts are to evaluate the twelve factors outlined in *Johnson v. Georgia Highway Express, Inc.*,

488 F.2d. 714 (5th Cir. 1974), *abrogated on other grounds, Blanchard v. Bergeron*, 489 U.S. 87, 109 S. Ct. 939, 103 L.Ed.2d 67 (1989) (the "*Johnson* Factors"), which the Eleventh Circuit adopted in *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988). As outlined in the Final Motion for Attorneys' Fees, by looking to the *Johnson* Factors, the fees incurred by the Professionals for the work performed in this Receivership case were reasonable. (*See* analysis and application of *Johnson* factors in the Receiver's Final Motion for Attorneys' Fees at pages 10 through 15). [ECF No. 585, pp. 10-15].

In the R&R, Judge Augustin-Birch properly recommended the Receiver to fully compensate his Professionals for their contingency fees and costs. However, based on the Interim Fee Order, Judge Augustin-Birch recommended reducing the hourly fee rate by 50%, notwithstanding that based on the *Johnson* factors, the hourly fees incurred by the Professionals were also reasonable and worthy of being fully recovered. Thus, based on the *Johnson* factors, the Receiver objects to Judge Augustin-Birch's R&R to the extent that it recommended reducing the hourly fee recovery by 50% and requests the Court modify the R&R to allow the Professionals to receive full compensation for the hourly work performed during the past four years.[4]

> **C.** **The Court may revise the Interim Fee Order and allow the Professionals to receive full compensation for their hourly fees.**

This Court has the power to revise the Interim Fee Order. The Interim Fee Order is both a

---

[4] As set forth above, as a result of the 50% reduction on the already reduced hourly rates, the recommended hourly rates in the R&R for Venable partners are between $205.00 and $212.50 per hour, Venable counsel are between $150.00 and $177.50 per hour, Venable associates are $150.00 per hour, and Venable paralegals are between $50.00 and $70.00 per hour. The recommended hourly rates in the R&R for KM partners are between $225.00 and $325.00 per hour, KM consultants are between $148.00 and $170.00 per hour, KM forensic analysts are $85.00 per hour, and KM paraprofessionals are $95.00 per hour. And the recommended hourly rates in the R&R for Carter partners are $187.50 per hour and Carter paralegals are $62.50 per hour.

non-final order and an interim order entered in connection with awarding fees. Therefore, this Court is permitted to revise the Interim Fee Order to allow the Receiver to pay his Professionals 100% of hourly fees incurred during the Final Application Period. A court generally has the power to revisit prior orders until such orders become final orders. *Villeda Aldana v. Del Monte Fresh Produce N.A., Inc.*, 578 F.3d 1283, 1288-89 (11th Cir. 2009) ("a court's previous rulings may be reconsidered as long as the case remains within the jurisdiction of the district court"). This is particularly true when it comes to interim orders addressing fees both inside and outside of the insolvency context. *Dzikowski & Walsh v. Barbee (In re Westwood Cmty. Two Ass'n)*, 2006 U.S. App. LEXIS 9151, at *3-4 (11th Cir. Apr. 12, 2006) ("The district court correctly held that interim fee awards…are always subject to modification or revision on final application." (citing *In re Evangeline Ref. Co.*, 890 F.2d 1312, 1321 (5th Cir. 1989))); *see also Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 617 (9th Cir. 1993) ("[A]n award of attorney's fees does not become final and appealable until the amount of the fee award is determined.").

Allowing a court to revisit interim orders concerning fees in the insolvency context ensures that courts can fully evaluate the value provided by the fiduciaries when making final decisions about fees. *See Trigee Found., Inc. v. Lerch, Early & Brewer, Chtd. (In re Trigee Found., Inc.)*, No. 12-00624, 2017 Bankr. LEXIS 3332, at *9 (Bankr. D.D.C. Sep. 28, 2017) ("'[U]ntil a case is concluded, it is impossible for a court to ascertain the full value of the services rendered in comparison to the ultimate results achieved in the case.' For this reason, the bankruptcy court retains an absolute right to reexamine and adjust interim fee awards") (citation omitted). This is particularly important when it comes to awarding fees in a receivership case because "results are always relevant." *SEC v. Elliott*, 953 F.2d 1560, 1577 (11th Cir. 1992) ("Whether a receiver merits a fee is based on the circumstances surrounding the receivership, and 'results are always

relevant.'") (citation omitted); *SEC v. Davison*, No. 8:20-cv-325-MSS-NHA, 2024 U.S. Dist. LEXIS 173444, at *7-8 (M.D. Fla. Sep. 25, 2024) (same).

Now that the Receivership is closed, the Court has the power to revisit the non-final Interim Fee Order and take into consideration the full value provided by the Receiver and his Professionals. *See generally* [ECF Nos. 584, 585]. By looking to the results, which "are always relevant," the Receiver and his Professionals have brought tremendous value to the Receivership Estate. Through their efforts, they recovered over $30 million in assets, which after selling Receivership assets and deducting Receivership fees, allowed for disbursement of over $20 million dollars in Redress Payments to victims. These results required significant time and effort on the part of the Receiver and his Professionals. The hourly fees earned by the Professionals in connection with obtaining such results were incurred at significantly reduced rates and are reasonable under *Johnson.* As such, the Receiver requests the Court revise the Interim Fee Award and modify the R&R to allow the Receiver to pay his Professionals the Total Outstanding Fee of $901,010.45, which includes 100% of the hourly fees for work over the last four years. The Plaintiffs did not object to the relief requested in the Final Motion for Attorneys' Fees, no interested parties objected to the Final Motion for Attorneys' Fees, and the Receivership Estate currently has sufficient funds to cover the Total Outstanding Fee.

> D. **Alternatively, the Court should allow the Professionals to recover 100% of hourly fees incurred prior to the Interim Fee Order.**

Alternatively, if the court declines to revisit the Interim Fee Order, the Receiver requests the Court modify the R&R and allow the Receiver to pay his Professionals 100% on the hourly fees incurred ***prior*** to entry of the Interim Fee Order at the Court approved rate. If the Court were to grant such relief, it would result in an additional $118,337.97 in approved hourly fees, which

includes $19,118 incurred by Venable, $96,827.29 incurred by KM, and $2,392.68 incurred by Carter.[5]

## IV.      CONCLUSION

Because of the significant time and effort put into this Receivership by the Receiver and his Professionals, the tremendous value provided to the Receivership Estate for the benefit of victims of the fraud perpetrated by the Receivership Entities, and the already agreed to significantly reduced rates being charged by the Receiver and his Professionals, the Receiver requests the Court revise the Interim Fee Order and modify the R&R to allow the Receiver to pay his Professional the Total Outstanding Fee for all work performed during the Final Application Period, including hourly work, an amount totaling $901,010.45.

Alternatively, the Receiver requests the Court adopt the portion of the recommendation in the R&R that allows the Receiver to fully compensate his Professionals for the contingency matters and the hourly work, but requests the Court modify the R&R to allow the Receiver to also pay his Professionals 100% of all hourly work performed prior to entry of the Interim Fee Order.

---

[5] Notably, all of the fees being sought by Carter were incurred prior to the entry of the Interim Fee Order. And Carter provided invaluable service to the Receivership Estate. Carter litigated *Perlman v. Andrew A. Russo et al.*, Case No. 20-CVS-797 (Sup. Ct. Div., New Hanover County, NC) and was instrumental in bringing the case to settlement, which resulted in net recovery to the Receivership Estate of $368,602.02, for which Carter billed the Receivership Estate $28,612.92, of which $23,827.57 has already been paid. Carter has been patiently waiting the remainder of the amount due since December 8, 2020.

Respectfully submitted,


  /s/ Jonathan E. Perlman
Jonathan E. Perlman, Esq. (Florida Bar No. 773328)
jperlman@venable.com
*Receiver for the Receivership Entities*

-and-

VENABLE LLP
*Attorney for Jonathan E. Perlman, Receiver*
801 Brickell Avenue
Suite 1500
Miami, Florida 33131
Telephone: (305) 349-2300


By:   /s/ Elizabeth G. McIntosh
        Gregory M. Garno, Esq.
        Florida Bar No. 87505
        ggarno@venable.com
        Elizabeth G. McIntosh, Esq.
        Florida Bar No. 1011555
        emcintosh@venable.com


## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of January, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document has been served this day on all counsel of record and entities, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.


  /s/ Elizabeth G. McIntosh
        Attorney