UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17- 60907-CIV-MORENO/SELTZER

FEDERAL TRADE COMMISSION, *et al.*,

    Plaintiffs,

v.

JEREMY LEE MARCUS, *et al.*,

    Defendants.
_____/

## ORDER GRANTING RECEIVER JONATHAN E. PERLMAN'S FINAL STATUS REPORT AND MOTION TO (I) CLOSE OUT RECEIVERSHIP PROCEEDING, (II) ABANDON ESTATE PROPERTY, (III) APPROVE FINAL DISTRIBUTION, AND (IV) DISCHARGE THE RECEIVER AND HIS PROFESSIONALS

THIS CAUSE came before this Court on the Receiver's Final Status Report and Motion to (I) Close Out Receivership Proceeding, (II) Abandon Estate Property, (III) Approve Final Distribution, and (IV) Discharge the Receiver and his Professionals (the "Motion").[1] The Court having reviewed the Motion, having overseen the administration of the Receivership, having considered the record in this case, having considered the non-opposition of the Plaintiffs the Federal Trade Commission and the Office of the Attorney General, State of Florida Department of Legal Affairs, and being otherwise fully advised in the premises, enters the following findings of fact and conclusions of law:[2] (a) the Receiver has fully and faithfully performed the tasks and responsibilities imposed upon him as set forth in the Receivership Orders, and has discharged his duties as Receiver with due care and diligence; (b) the Receiver has properly accounted for funds received and disbursed by the Receiver in furtherance of his duties; (c) the purposes of the

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

[2] The following findings of fact shall be construed as conclusions of law, and conclusions of law shall be construed as findings of fact, as necessary.

Receivership have been fulfilled, such that it is appropriate to terminate the Receivership, discharge the Receiver; and (d) the fees and costs to be paid to the Receiver and his professionals are fair and reasonable. Accordingly, it is hereby ORDERED as follows:

1. The Motion is GRANTED.

2. The Receiver and his professionals are DISCHARGED of any and all of their duties and obligations of any kind in this case and are relieved of all liability with respect to the Receivership Estate, with the exception of any and all duties to regarding post-receivership tax issues.

3. The Receivership Estate is CLOSED.

4. The Receiver is authorized to distribute the cash assets that the Receiver is holding for the Receivership Entities in the manner set forth in the Motion, and in this Court's separate Order on the Receiver's Final Motion for Award of Professional Fees and Reimbursement of Expenses.

5. The Court finds that the Receiver holds certain assets that are either of minimal or no value and that would cost more to liquidate than the value they could bring to the Receivership Entities' Estate on a cost-benefit analysis. The Receiver is authorized to abandon the remaining assets of the Receivership Entities' Estate as requested in the Motion.

6. The Receiver is authorized to file all final tax returns for the Receivership Entities, if deemed necessary, and to dissolve the Receivership Entities pursuant to applicable law.

7. The Receiver is authorized to close all Receivership Entities' accounts, including accounts maintained at banks, brokerages and financial institutions.

8. The Receiver is authorized to shred and destroy all Receivership records.

9. Based upon the above findings, including that the Receiver and his professionals competently and properly performed their duties to this Court and to the Receivership Entities'

Estate, the Court finds it appropriate to enter the following release: the Receiver and his respective agents, employees, subsidiaries, successors, assigns, heirs, attorneys, and representatives (the "Receiver Parties") are hereby irrevocably and unconditionally fully, finally and forever released, waived, acquitted and discharged from any claim or potential claim by any person or entity of any and all accounts, actions, agreements, bonds, bills, causes of action, claims, contracts, controversies, costs, counterclaims, covenants, damages, demands, debts, disputes, executions, judgments, lawsuits, liabilities, obligations, promises, reckonings, remedies, specialties, suits, sums of money, trespasses, variances, of whatever kind, nature, character or description, whether in law, at equity or statutory, including, without limitation, claims for monies, damages, costs, expenses, losses and attorneys', accountants' and experts' fees and expenses, whether liquidated or unliquidated, fixed or contingent, asserted or unasserted, matured or unmatured, known or unknown, anticipated or unanticipated, suspected or unsuspected, which any person may have or may hereafter have or claim to have, now or in the future, or which might have been alleged against the Receiver Parties by, or related directly or indirectly in any way to, their work as, or for, or on behalf of the Receiver.

10. The Court further enters an injunction whereby any person or entity wishing to file any claims against the Receiver or his professionals relating to the discharge of their duties to this Court or the Receivership Entities, must do so only before this Court. The Receiver shall respond to any such requests for relief only if requested to do so by this Court.

11. This Court retains jurisdiction to enforce the terms of this Order.

DONE AND ORDERED at Miami-Dade County, Florida this 17 day of ~~October, 2024~~ March, 2025.

_____
HONORABLE FEDERICO A. MORENO
United States District Court Judge

3